# Martin *v.* The State.

### *Selling Mortgaged Property.*

(Decided Feb. 1, 1912. Rehearing denied Feb. 8, 1912. 58 South, 83.)

1. *Warrant and Affidavit; Quashing.*—The fact that a warrant was defective because not addressed as required by law, was not grounds for quashing a sufficient affidavit or complaint.

2. *Selling Mortgaged Property; Evidence.*—In a prosecution for selling mortgaged property, the mortgage was properly admitted in evidence when proof of its execution is made as provided by section 4004, Code 1907.

3. *Same; Evidence.*—In a prosecution for selling mortgaged property, the general manager of a mortgagee was properly permitted to testify that several days after the mortgage was due, he went to the defendant's house to get the property, but could not find it.

4. *Same.*—In a prosecution for selling mortgaged property, evidence showing possession of the property in a third person was admissible for the purpose of showing that the defendant had parted with the possession.

[Martin v. The State.]

5. *Appeal and Error; Harmless Error; Evidence.*—Where the prosecution was for selling mortgaged property, and two witnesses had testified to an admission by the defendant that he had disposed of the property, and this evidence was neither admitted nor denied by the defendant, the defendant was not prejudiced by evidence showing what the buyer did with the property after it was purchased.

6. *Charge of Court; Directing Verdict.*—Where there was sufficient evidence to establish defendant's guilt beyond a reasonable doubt, and there was no conflicting evidence, the court properly directed a verdict of guilt.

APPEAL from Andalusia City Court.

Heard before Hon. A. L. RANKIN.

Coot Martin was convicted of selling mortgaged property, and he appeals. Affirmed.

A. WHALEY, for appellant. The motion to quash should have been granted. Acts 1907, p. 237; Sec. 7423, Code 1907. The mortgage was improperly admitted in evidence. Sec. 7423, and 4004, Code 1907. Counsel discuss other assignments of error, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. There was no error in overruling motion to quash.—*Wilson v. The State,* 99 Ala. 194. The mortgage was properly admitted in evidence, as it was properly proven.—*Jones v. The State,* 113 Ala. 95; *Houston v. The State,* 114 Ala. 15; Sec. 4404, Code 1907. The court properly gave the affirmative charge, as the evidence was without conflict, and sufficient to support the charge beyond a reasonable doubt. Section 7342, Code 1907.

PELHAM, J.—The affidavit charged the defendant with selling mortgaged property, and the writ of arrest or warrant issued on the affidavit was directed "to any lawful officer of said county" (Covington). The defendant moved the court to quash the warrant because

not addressed in the manner prescribed by law. If the warrant is defective in the manner complained of, the objection would not be a ground for quashing a sufficient affidavit or complaint. "It could be argued with equal force that an indictment in regular form should be quashed because the capias, under which the indicted party was arrested, was defective."—*Wilson v State,* 99 Ala. 194, 13 South. 427. The affidavit charges an offense under section 7342 of the Code of 1907, and is in the form provided. Form 99, Code 1907, p. 677.

The mortgage signed by the defendant was properly admitted in evidence: proof of the execution by the attesting witness Bardman being sufficient. Code § 4004; —*Askew v. Skinner,* 76 Ala. 218; *Jones v. State,* 113 Ala. 95, 21 South. 229; *Houston v. State,* 114 Ala. 15, 21 South. 813.

The rulings of the court on the evidence are free of error prejudicial to the defendant. It was not improper to allow the witness Lon Williams, the general manager of the company holding the mortgage on the property sold by the defendant, to testify that he went to the defendant's house to get the property a few days after the mortgage was due and could not find it. Showing the possession of the mule by Preacher Jones at Heath was permissible, as showing the defendant had parted with possession. What the witness Barton did with the mule after he purchased it from the defendant connected the possession with Preacher Jones; but even if the disposition made of it by him was irrelevant, there was no injury to the defendant in the statement. Two witnesses testified to an admission by the defendant of his having disposed of the property that was not denied or contradicted.

There was sufficient evidence to establish the guilt of the defendant beyond a reasonable doubt, and in the

[Swint v. The State.]

absence of conflicting testimony the court properly gave the affirmative charge for the state at the request of the solicitor in writing.—*Jones v. State,* 96 Ala. 56, South. 192; *Johnson v. State,* 91 Ala. 70, 9 South. 71; *Olmstead v. State,* 89 Ala. 16, 7 South. 775.

The record is free from reversible error, and the judgment of the court below is affirmed.

Affirmed.