(81 South. 360)

FORMBY v. WILLIAMS.   (7 Div. 566.)

(Court of Appeals of Alabama.   March 18, 1919.)

1. APPEAL AND ERROR ⊂⊃1078(1)—MATTERS REVIEWABLE—ASSIGNMENTS OF ERROR.

Assignments of error not insisted upon will be treated as waived.

2. WITNESSES ⊂⊃360 — IMPEACHMENT — CONVICTION.

In a civil action, where defendant testified he had not been convicted of being a common cheat and swindler, and plaintiff in rebuttal introduced a transcript showing a conviction, plaintiff's objection to inquiry as to whether or not defendant had ever paid one penny of the fine mentioned, or whether he had ever served one day's hard labor, was properly sustained on ground that evidence was immaterial.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Action by John F. Williams against R. L. Formby. Judgment for plaintiff, and defendant appeals. Affirmed.

Willett & Walker and Ross Blackmon, all of Anniston, for appellant.

Knox, Acker, Dixon & Sterne, of Anniston, for appellee.

BRICKEN, J. [1] There are twenty-one assignments of error in this case, but the appellant, in his brief, only insists upon three. Under the uniform rulings of this court and of the Supreme Court, the assignments of error not insisted upon will be treated as waived. Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 South. 158; Johnson v. State, 152 Ala. 93, 44 South. 671; Republic Iron & Steel Co. v. Quinton, 194 Ala. 126, 69 South. 604.

This was an action in detinue by the appellee, plaintiff in the court below, against the appellant, defendant in the court below. The defendant was examined as a witness in his own behalf, and, upon being asked if he had been convicted in a criminal court of being a common cheat and swindler, denied that he had been so convicted. In rebuttal to this testimony, the plaintiff, without objection on the part of defendant, introduced in evidence a certified transcript showing the conviction of the defendant in the criminal court of Fulton county, Ga., of the offense of "cheating and swindling."

The seventh assignment of error is as follows:

"The court erred in refusing to permit the defendant to prove that he appealed from the judgment of conviction in the case against him in the criminal court of Atlanta, and that said case was reversed."

The record, however, shows that the court did not refuse to allow the defendant to make this proof; but, to the contrary, the recital of the record on this question is as follows:

"The defendant here offered to prove that he appealed from the judgment of conviction against him in the criminal court of Atlanta, and that the case was reversed. The plaintiff objected to the defendant making this proof. The court overruled this objection then and there."

It will thus be seen that, instead of the court denying the defendant the right to make this proof, it expressly held that he had the right.

[2] The eighth assignment of error is based upon the ruling of the court in sustaining plaintiff's objection to the question asked defendant:

"I will ask you to state to this jury whether or not you ever paid one penny of the fine mentioned in the conviction, or whether or not you ever served one day's hard labor sentence of this conviction."

There was no error on the part of the court in sustaining the objection to this question. It was immaterial as to whether the fine had been paid or the sentence served. The only question at issue was as to whether there had been a conviction. The judgment of conviction was conclusive of the finding of the facts necessary to support the judgment, and there was no error in refusing to allow the defendant to state that he had made no false statement.

We have examined each of the questions insisted upon by the appellant and find no error in the rulings of the court. The judgment of the circuit court is therefore affirmed.

Affirmed.