176 So. 832

**CROFTON v. STATE.**

**8 Div. 584.**

Court of Appeals of Alabama.

Nov. 2, 1937.

Henry D. Jones, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The defendants, together with two others, were indicted jointly and charged with willfully setting fire to or burning, or caused to be burned, or aided or procured the burning of a barn, the property of John Murphy, not within the curtilage of a dwelling.

The fire which caused the destruction of the barn occurred about 11 o'clock on a certain Thursday night. No witness testified to seeing either of the defendants actually setting fire to the barn, and therefore the proof of the corpus delicti rests in inferences to be drawn from the surrounding circumstances, as testified to by John Murphy and his wife. As to these, the two Murphys testined that the barn was across the road from the house in which they lived; that they heard the dog barking, waked up, went out of the house to the barn, which was a short distance and across the road; that there was in the barn some corn and hay, a horse and a cow; there was the smell of kerosene oil coming from the burning hay; that they found a quart of coal oil and an empty can around the barn; that at the time the barn was burning some parties fired a number of shots, from shotguns, into the dwelling where the Murphys lived; that when the

Murphys went out of the house toward the barn they saw four men whom they identified as these defendants and the others indicted with them, and that they ran off. From these facts, the jury was authorized to draw the inferences that the fire was not accidental, but had been intentionally set by some person. The corpus delicti may be proven by circumstantial evidence, and when there are proven facts from which inferences can be legally drawn it is a question for the jury to say whether or not the corpus delicti has been proven. 4 American Jurisprudence, page 109, § 55.

■ A more serious question arises as to whether or not there is any evidence connecting either of these defendants with the corpus delicti. True, the two Murphys testified that while the barn was burning they saw and recognized these two defendants as being near the scene. It also appears from the evidence that when the Murphys hollered at the four defendants they ran down in to a gravel pit and left the scene. When first seen, the four defendants were standing close to the fire, and were making no effort to extinguish it. The fact of the close proximity of the defendants to the fire at the time it was burning, and the further fact of flight, together with the fact that three of the defendants had been seen riding around the premises in the afternoon before the fire, was some evidence tending to connect all of the four defendants with the burning of the barn. This made a jury question as to these two defendants on trial.

■ However, as to the defendant Woodrow Crofton, it appears that the identifications are somewhat uncertain. The light of the fire was between the four defendants and the witnesses at the time the Murphys came to the fire. The defendants were running in the opposite direction, and Murphy testified: "I did not see their faces."

In addition to this, Mrs. Sallie Burns, who lived close to the fire and held title to the property, together with her daughter, who lived with her, testified to a state of facts tending to prove an alibi for Crofton; he lived with Mrs. Burns; left on Monday morning with the avowed purpose of visiting his mother in Mississippi, a distance of some 35 miles, and did not return until Friday. In addition to this testimony, there was the testimony of the defendant himself, and two disinterested witnesses living in Mississippi, tending to prove that at the time of the fire he was some 30 or 35 miles distant. Giving to this evidence a fair consideration and taking into account the uncertainty of the identification, and the presumption of innocence, to which the defendant is entitled, we are of the opinion that the trial court should have granted the motion of the defendant, Woodrow Crofton, for a new trial. And we are further of the opinion that the ends of justice require that this case be reversed and remanded for a new trial as to the defendant Crofton on that ground.

As to the other rulings of the court, we find no such error as would justify a reversal.

The judgment as to Woodrow Crofton is reversed and the cause is remanded.

Reversed and remanded.