187 So. 250

## WOOD v. STATE.

### 7 Div. 409.

Court of Appeals of Alabama.

Feb. 7, 1939.

Rehearing Denied March 7, 1939.

J. A. Johnson, of Fort Payne, for appellant.

Thos. S. Lawson, Atty. Gen., and Silas C. Garrett, III, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment in this case was preferred by a Grand Jury at the August Term 1932 of the circuit court of DeKalb County.

From the record it is ascertained that this appellant was not put to trial upon said indictment until the 21st day of February 1938; or about six years after the indictment was found and returned into open court. Nothing appears in the record in explanation of this delay. He and two others, not on trial in this case, were charged with the offense of unlawfully possessing a still to be used for the purpose of making or manufacturing prohibited liquors or beverages; and also charged with the offense of distilling, making or manufacturing alcoholic, spirituous, malted or mixed liquors, a part of which was alcohol. The jury returned a general verdict of guilty as charged in the indictment, whereupon the court adjudged the defendant guilty and sentenced him to serve an indeterminate term of imprisonment in the penitentiary for not less than four years and not more than five years.

The corpus delicti was proven without dispute. There was no conflict in the testimony, to the effect that upon the occasion in question, the "raiding" officers found a still in full operation, with several gallons of whiskey in containers, and also three or four barrels of beer, at the still place; and further, that the three men named in the indictment were all present at the still.

This appellant admitted his presence, but denied that he took any part in the operation of the still and insisted he had no interest in it and that he had arrived there but a few minutes before the officers came. There was evidence by two or three witnesses that this appellant was punching upon the fire in the furnace, and one witness testified that the three named men were there, and, "all of them were working at the still."

The evidence as to this appellant assisting in the work round and about the still was in sharp conflict, rendering therefore the affirmative charge requested, inapt. The evidence presented questions for the jury to decide and determine, and where this is true the trial court has no authority to direct the verdict. In refusing said charge the court acted without error and in line with the elementary rules of evidence, and also in accord with innumerable decisions of the appellate courts of this State.

The action of the court on the purported motion for a new trial is not presented for our consideration. There is no mention of the motion in the bill of exceptions, nor was there any attempt to comply with the provisions of Section 6088 of the Code 1923, in this connection. A purported exception to the ruling of a trial judge, when shown only by the record proper, and not by the bill of exceptions, is without efficacy, and cannot be considered by an appellate court on appeal.

We have carefully considered every exception reserved by the defendant to the court's rulings on the admission of the evidence. No reversible error appears in any of these rulings, and the questions involved are elementary therefore need no extended discussion.

Appellant complains bitterly at the severity of the punishment imposed upon him by the trial court, and in brief and argument assign sinister grounds upon his part for inflicting so heavy a punishment. This argument cannot be considered by this court, for what has been said in this connection is dehors the record, and nothing appears in the record to sustain an argument of the character here submitted. As to the punishment imposed the trial court acted within the limit provided by Statute. Section 4627, Code 1923. This was the prerogative of the trial court, and

this court is without authority to review or revise his action in this connection.

We find no ruling of the trial court to which exception was reserved, sufficient to authorize this court to predicate reversible error. The record is regular. It follows that the judgment of conviction from which this appeal was taken must be, and is, affirmed.

Affirmed.