6 So.2d 525

### BOLDEN v. STATE.

### I Div. 402.

Court of Appeals of Alabama.

Feb. 17, 1942.

Bart B. Chamberlain, Jr., of Mobile, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

RICE, Judge.

The indictment was in regular form—charging the appellant with the offense of grand larency. He was convicted as charged, and sentenced to serve imprisonment in the penitentiary for the term of three years.

There is no ruling apparent giving rise to an exception worthy of discussion save and except only the one wherein or whereby the learned trial court refused to exclude the State's testimony; or to give to the jury at appellant's request the general affirmative charge to acquit him.

The sole ground of contention by appellant is that the corpus delicti was not proven.

We have carefully read the entire testimony; and deem it necessary to say no more than that we do not agree with appellant in his contention.

██ It is of course the law that the corpus delicti may be proven by circumstantial evidence; and when there are proven facts from which inferences can be legally drawn it is a question for the jury to say whether or not the corpus delicti has been proven. 4 Am.Jur. p. 109 § 55; Crofton v. State, 27 Ala. App. 589, 176 So. 832.

██ The evidence here,—it being all for the State; none being offered by appellant—fully measures up to the degree required;

394

and we find no fault with the action of the trial court in submitting the issue of appellant's guilt vel non to the jury.

The judgment appealed from is affirmed. Affirmed.