12 So.2d 101

## SALES v. STATE.

### 8 Div. 308.

Court of Appeals of Alabama.

Dec. 15, 1942.

Rehearing Denied Jan. 12, 1943.

Russell W. Lynne, of Decatur, for appellant.

Wm. N. McQueen, Atty. Gen., and Walter W. Flowers, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The defendant was convicted in a dry county of possessing prohibited liquor, contrary to law.

There were only two witnesses, both for the State, and it is contended for appellant that the evidence was insufficient to support the verdict.

Briefly, the evidence was: Defendant was operating a restaurant in Morgan (a dry) County and gave her employee, one Shelton, some money, and instructed said Shelton to proceed to Cullman (a wet) County and purchase some State store whiskey. Defendant instructed Shelton not to go to the bus station on the return trip, but to get off at some other point and catch a cab. She furnished a suit case, presumably as a container for the whiskey, and told Shelton that in case of arrest she (defendant) would pay her fine. Shelton followed the instructions, but, upon returning to Morgan County, was arrested, with the whiskey in the suit case, by officers of the law.

█ Though the whiskey was legally purchased in a wet county, it was, under the prevailing rule, unlawful to bring it into and possess it in Morgan, a dry, County. Hall v. State, 30 Ala.App. 373, 6 So.2d 30.

█ A principle of law now venerable for its age is: "When two or more parties conspire or combine to commit an unlawful act, each is criminally responsible for the acts of his associates committed in prosecution of the common design. In contemplation of law, the act of one is the act of all, each is responsible for acts of his confederates. Williams v. State, 81 Ala. 1, 1 So. 179, 60 Am.Rep. 133; Jackson v. State, 54 Ala. 234." Crawley v. State, 15 Ala.App. 327, 329, 73 So. 222, 223. Gratton v. State, 4 Ala.App. 172, 59 So. 183. And, of course, this is true though some of the parties are not actually present when the offense is committed.

█ When the evidence is tested by the foregoing principles, it is quite manifest that the case against the defendant was sufficiently proven to require its submission to the jury.

█ The argument of able counsel that guilty scienter of defendant was not established because it was not shown that she knew the whiskey was in Morgan County at the particular instant her accomplice, Shelton, was apprehended with it, is by no means convincing. The circumstances proven were such as to afford a reasonable inference—in fact a sound belief—that defendant knew the whiskey would be brought into the county when she sent for it. And when it arrived there in the possession of Shelton, the crime contemplated was fully effectuated.

█ The matter of punishment was for the jury. Even though the maximum fine was imposed, nothing is before us to show that it was unjustified or excessive, or that any improper influences were at work to actuate the imposition of such a fine.

The whole case considered, with special consideration given to the points argued in brief of counsel, we must and do conclude that the case was fairly tried and that nothing is presented to warrant our interference with the judgment below. It is ordered affirmed.

Affirmed.

## On Rehearing.

PER CURIAM.

The application for rehearing presents nothing new, and ordinarily would call for no response. However, the seeming seriousness of learned counsel's contention that we have misconstrued the record and that a reversal should be declared, first because of the insufficiency of the evidence, and second because of the fine (Draconian, appellant calls it) imposed, induces this further brief statement.

Proof that Mrs. Sales, the defendant, sent Shelton to Cullman for the whiskey was given by Shelton, herself. As to this, it is asserted by appellant in brief: "The entire evidence pertinent to this controversy is (quoting the record of Shelton's testimony): 'In January, 1941, I went to Cullman. Mrs. Sales gave me $21.25 and told me to go down there and buy some cornfield corn, three gallons; that was in pints. I went on the bus and she gave me my fare and enough money to buy three gallons of whiskey in pints. I took a suit case which she gave me. The conversation was in her bed room. I left Decatur at 10:05 in the morning and went to Cullman and when I got there I got a cab and went and got the liquor at the liquor store. I put the whisky in the suit case there in the liquor

store and got on the bus to come to Decatur the same day. When I got to Decatur I got off the bus at Sixth Avenue and Sixth Street and took the suit case off with me. She told me not to go to bus station but to get off & catch a cab.' "

This court perceives no substantial difference in the foregoing statement and the interpretation of the evidence embodied in the original opinion. To one duty-bound to entertain an impartial view, the conclusion is inescapable that the above undisputed facts warranted the verdict of guilty—certainly did not warrant the affirmative charge for the defendant. Consequently, this court must and does so hold.

As to the other argument that we should do something about the (allegedly severe) fine imposed, it' is clear that we cannot on the showing made by the present record. This contention is answered in Wood v. State, 28 Ala.App. 464, 465, 187 So. 250, 251, where it was said: "Appellant complains bitterly at the severity of the punishment imposed upon him by the trial court. * * * As to the punishment imposed the trial court acted within the limit provided by Statute. * * * This was the prerogative of the trial court, and this court is without authority to review or revise his action in this connection."

The assiduous, in fact classical, argument of able counsel in brief is to be commended, but, in the absence of prejudicial error appearing, the application must be overruled.

Opinion extended and rehearing denied.