11 So.2d 768

### RUTLAND v. STATE.
### 6 Div. 960.

Court of Appeals of Alabama.

Feb. 2, 1943.

Morel Montgomery, of Birmingham, for appellant.

Wm. N. McQueen, Atty. Gen., and L. S. Moore, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The conviction was for petit larceny. The defendant did not testify. There was uncontroverted evidence that he confessed his guilt to the police officers. After conviction, he requested probation which was denied. In the report of the probation officer, the following appears:

"This man has been working at the Birmingham Trunk Factory for about 14 years. During 1939 and 1940, he systematically stole merchandise from his employer, mainly concealing smaller articles in larger trunks and luggage. He then

46

disposed of this merchandise at bargain prices.

"Subject admits that he took these things but minimizes the number. He claims that he was worked 14 to 16 hours a day with no overtime, and used this as a means of rectifying his remuneration."

The article for which he was here convicted of stealing was a Gladstone bag—a suit case—of the Birmingham Trunk Factory, Inc.

The insistence that the corpus delicti was not sufficiently shown to warrant proof of the confession is not sustainable.

The law does not require that the corpus delicti be proved by direct and positive evidence. Circumstantial evidence may afford satisfactory proof thereof, and if from the facts and circumstances adduced only a reasonable inference arises that the crime has been committed, this is sufficient to justify the admission of the confession. Ratliff v. State, 212 Ala. 410, 102 So. 621; Hill v. State, 207 Ala. 444, 93 So. 460; Patterson v. State, 202 Ala. 65, 79 So. 459; Matthews v. State, 55 Ala. 187, 195, 28 Am.Dec. 698; Mason v. State, 16 Ala.App. 405, 78 So. 321; Crofton v. State, 27 Ala.App. 589, 176 So. 832; 22 C. J.S., Criminal Law, § 839, p. 1471 et seq.

The hereafter stated rule, quoted approvingly in the Ratliff case is applicable here, and controlling. "It must be considered as settled that *inconclusive facts and circumstances tending prima facie to show the corpus delicti* may be aided by the admissions or confession of the accused so as to satisfy the jury beyond a reasonable doubt, and so to support a conviction, although such facts and circumstances, standing alone, would not thus satisfy the jury of the existence of the corpus delicti." (Emphasis supplied.) Hill case, supra, page 446, of 207 Ala., page 462 of 93 So.

The learned discussion of this rule by Mr. Justice Gardner (now Chief Justice) in the Ratliff case fully sustains our holding here.

Consonant with this principle, therefore, it is our conclusion that here the corpus delicti was sufficiently proven to authorize the introduction in evidence of the extra-judicial confession of the defendant. There were facts and circumstances—though perhaps inconclusive—independent of the defendant's confession affording a just inference that the theft had been committed.

Helton was the witness (State's) who testified that the defendant confessed to him and his fellow officer, Weir, that he had stolen the suit case. His testimony, showing the voluntary character of the confession, was sufficient predicate for its admissibility. Ray v. State, 29 Ala.App. 382, 197 So. 70, certiorari denied 240 Ala. 73, 197 So. 73.

That the other officer, Weir (defendant's witness), testified that defendant was told that "if he would help us break the case and get the stuff back to the house, it was up to the house, whatever they wanted to do, and that we thought it would help him to help those people"—if construed (which we do not) to be such inducement as to render the confession involuntary—in no way precluded Helton (who contended that no inducements of any kind were made to the defendant) from giving testimony of the confession. This contradiction between the two officers did not render Helton's testimony of the confession inadmissible, but might have been a proper subject of inquiry by the jury as to the weight and effect to be given such evidence. 6 Ala. Digest, Criminal Law, ☞741(3); Johnson v. State, 242 Ala. 278, 5 So.2d 632.

This is because the admissibility of the confession and whether voluntary are legal questions for the court. Ray case, supra.

Appellant, in brief, argues that "the Court * * * erred by sending the jury from the Court room, out of the presence of the Court and out of the hearing of the witness H. H. Weir, when proof was being made by defendant, that a promise or hope of reward had been made to defendant." This argument is manifestly untenable because—other reasons aside—no exception was reserved (or objection made) to this action of the court. If the jury was not present when the testimony of Weir, relating to the voluntary character of the confession, was received, and such testimony was desired to be presented to the jury, the defendant had the privilege of later offering it for their consideration. (Underhill's Criminal Ev., 4th Ed., pp. 557 et seq., Sec. 279), and thereby invoking the ruling of the court on the question. He obviously waived his right to later claim error by his tacit consent to the stated action of the trial court.

■ Refused Charge 3 was an incorrect statement of the law. Among other vices, it did not limit the rule of application to felony cases. Code 1940, Title 15, Section 307; Head v. State, 27 Ala.App. 152, 167 So. 349. See, also, Strickland v. State, 151 Ala. 31, 44 So. 90, where a substantially similar charge, even when so limited, was condemned by the Supreme Court.

■ Charge No. 4 was correctly refused because it was clearly misleading and confusing, especially the last sentence thereof which could easily be construed as meaning that the jury could *only* find the defendant guilty of petit larceny. There were also other misleading tendencies not requiring discussion.

■ The punishment imposed was within the limits prescribed by law and, no clear showing having been made of any abuse of discretion by the trial judge in the matter, to disturb it here would be unauthorized. Marv Sales v. State. Ala.App., 12 So.2d 101;[1] Wood v. State, 28 Ala.App. 464, 465, 187 So. 250; Johnson v. State, 24 Ala.App. 291, 135 So. 592; 24 C.J.S., Criminal Law, p. 781, § 1878.

■ The Probation Act, itself, is answer to the final insistence of defendant that we should do something about the order of the trial judge refusing the defendant probation. Section 20, Title 42 of the 1940 Code provides that "the action of the court in granting or refusing probation shall not be revisable by any other court."

The whole case considered, we do not find any error authorizing a reversal. The judgment is therefore affirmed.

Affirmed.

