17 So.2d 776

## YATES v. STATE.
### 7 Div. 734.

Court of Appeals of Alabama.
March 21, 1944.

Rehearing Denied April 4, 1944.

Chas. F. Douglass, of Anniston, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Geo. C. Hawkins, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The conviction was in a dry county for violation of the prohibition law. Code 1940, Tit. 29, § 98.

Locked in the "turtle back" of his automobile were thirty-six pints of whiskey which the defendant stated "belonged to him"—said "it was his whiskey." He produced the key with which to unlock the compartment. This evidence was without dispute. The defendant elected not to offer any testimony, but rested upon conclusion of the State's case.

Under the prevailing rule, there was no error in giving for the State the general affirmative charge, duly requested in writing. Where the evidence—as here—is clear, positive and without dispute in proof of every element of the offense, the general affirmative charge for the State may properly be given. Holmes v. State,

*29* Ala.App. 594, 199 So. 736; Ex parte Grimmett, 228 Ala. 1, 152 So. 263; Martin v. State, 3 Ala.App. 90, 58 So. 83; Bowden v. State, 19 Ala.App. 377, 97 So. 467; McCleskey v. State, 28 Ala.App. 97, 179 So. 394. As pointed out in Holmes, above, the courts do view with disfavor the giving of such a charge. See also Ex parte Grimmett, supra. Here, however, we cannot condemn as error the giving thereof.

 It is further contended that a reversal is due because of the alleged severity of the punishment imposed. Since the sentence was within the statutory limit, however, it must be here affirmed. It was the prerogative of the trial court to assess such punishment, within legal limits, as sound discretion should dictate. Sales v. State, Ala.App., 12 So.2d 101,[1] certiorari denied, Id., 244 Ala. 30, 12 So.2d 103; Wood v. State, 28 Ala.App. 464, 465, 187 So. 250, 251. Nothing is shown to indicate an abuse of this discretion.

 True, the punishment, in addition to the fine, was twelve months hard labor. Nevertheless, this length of sentence was warranted for a third conviction (Code 1940, Tit. 29, § 99), and on appeal we presume that the trial court in imposing such sentence acted wholly within the law. "Omnia rite acta praesumuntur." Robertson v. State, 29 Ala.App. 399, 401, 197 So. 73, certiorari denied, 240 Ala. 51, 197 So. 75.

No error is shown, so the judgment must be affirmed.

Affirmed.

