24 So.2d 769

## MAYO v. STATE.

### 7 Div. 852.

Court of Appeals of Alabama.

Feb. 5, 1946.

Earle Montgomery, of Talladega, for appellant.

Wm. N. McQueen, Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Appellant (defendant) was convicted as charged in the first count of the indictment, the offense being, assault with intent to ravish. The court sentenced him to imprisonment in the penitentiary for a period of ten years. From the judgment of conviction this appeal was taken.

There was but slight conflict in the evidence. The statement of facts in brief of the Attorney General is borne out by the record and is substantially as follows.

On or about June 9, 1945 this appellant had a date with the prosecutrix, and in company with two other couples they left Talladega in route to Oxford Lake in Calhoun County. The prosecutrix had only known the appellant one week before the occurrence which is made the basis of this prosecution. She was a nurse, or was in training at a hospital in Talladega. She testified that she and another nurse got in the car with the appellant, another girl and two other boys, and started toward Oxford Lake; that they brought two Coca Colas from the hospital and after getting out of Talladega a short piece they took on a few drinks. She said that they were drinking wine and chasing it with Coca Cola. The appellant said that they were drinking rum and chasing it with Coca Cola. At any rate, whatever it was that they were drinking, they soon found out that they were short and needed something more to drink. They went to the Oxford Lake Dance Pavilion and stayed there for an hour or more dancing and walking around the lake and then decided to go to Anniston to get something else to drink. All six of them got in the automobile and went to Anniston and bought a quart of whiskey and returned to Oxford Lake. In route they drank some of the whiskey, or at least some of the parties in the car drank whiskey. The prosecutrix said that she did not think she drank any more, and certainly not out of the bottle that was purchased in Anniston. They finally arrived at Oxford Lake where the party separated in pairs. Prosecutrix and appellant got in a boat and rowed across the lake to the other bank, pulled the boat up on the bank, got out, and walked around for awhile and then sat down on the bank, and, according to prosecutrix' testimony, after talking for a little while appellant pulled her over and kissed her, and then pushed her back and attempted to assault her; that she fought him with everything in her power and finally broke away and ran into the lake.

Appellant retrieved her from the lake, and after getting her back on the bank attempted to assault her again. The testimony is undisputed that she had lacerations and contusions on and about the face, and her clothes were very bloody. The evidence is undisputed that appellant was unsuccessful in his attack upon her. She was screaming all this time and was rescued by several parties, some M. P.'s from a nearby army base, together with some civilians who operated the camp at Lake Oxford. The prosecutrix testified that the appellant threatened to kill her if she did not stop screaming. The rescue parties testified that they pulled the appellant off the prosecutrix.

Appellant rested his defense upon the fact that after drinking several drinks of whiskey from the bottle purchased at Anniston he did not remember anything after rowing the boat across the lake. There is no material conflict in the testimony as stated.

The defendant requested in writing the affirmative charge. It was refused without semblance of error.

There are only three reserved exceptions pending the trial as shown by the record.

The first exception is to the action of the trial court in declining to let this appellant state that he was given probation in a case where he was convicted under the Dyer Act, 18 U.S.C.A. § 408, of transporting an automobile across the State line. There is no merit in the exception reserved to this ruling of the court.

The discrediting of a witness by showing his conviction of a crime, does not authorize the reception of evidence indicating his innocence of the charge, or showing the particulars of the offense (Waters v. State, 117 Ala. 108, 22 So. 490; Fuller v. State, 147 Ala. 35, 41 So. 774; Kendrick v. Cunningham, 9 Ala.App. 398, 63 So. 797), or showing that the witness never paid the fine or performed the hard labor sentence imposed upon him. Formby v. Williams, 17 Ala.App. 24, 81 So. 360.

The second exception was reserved to the action of the trial court in overruling the objections of appellant to a question propounded to a State witness on recall as to whether or not the defendant was drinking or drunk on the occasion. There is no merit in this exception to the ruling of the court.

As to appellant's second insistence of error the case of Parrish v. State, 139 Ala. 16, 18, 36 So. 1012, is a complete answer to his contention. The Parrish case holds that a witness may testify as to one's appearance. There are many cases in this jurisdiction to the same effect. Some of these cases have given approval to such expressions as, "seemed mad," "seemed to be very weak," "appeared to be very weak," "appeared to be healthy," "the appearance of the defendant was 'very angry,'" "seemed to be very feeble," "appeared to be hurt" or "nervous," "looked excited," "looked like a [drunken] man." Mealer v. State, 242 Ala. 682, 8 So.2d 178; Birmingham Ry. & E. Co. v. Franscomb, 124 Ala. 621, 27 So. 508, 509; American Nat. Ins. Co. v. Rains, 215 Ala. 378, 110 So. 606; Long v. Seigel, 177 Ala. 338, 58 So. 380; Dilburn v. L. & N. R. R. Co., 156 Ala. 228, 47 So. 210, 214; Lindsey v. Kindt, 221 Ala. 190, 128 So. 139, 142; State v. Houston, 78 Ala. 576, 56 Am.Rep. 59; Linnehan v. State, 116 Ala. 471, 22 So. 662; Swain v. State, 8 Ala.App. 26, 62 So. 446, 448.

The last exception was to the action of the trial court in overruling appellant's objection to the argument of the solicitor with reference to the shoes worn by the prosecutrix on the night of the assault. There is likewise no merit to this exception to the action of the trial court. An objection not addressed to the specific remarks of the argument was properly overruled. Jordan v. State, ante, p. 172, 24 So.2d 138.

We are of the opinion that the argument of the solicitor did not come within the inhibited scope of legitimate discussion, or transcend the legitimate boundary of such discussion. The statements complained of were the expressions of opinion merely, and were deductions and conclusions based upon the evidence in the case. In the statements complained of there was no unwarranted appeal to prejudice, nor were there any substantive outside statements of facts. Cross v. State, 68 Ala. 476; Moulton v. State, 199 Ala. 411, 74 So. 454; Anderson v. State, 209 Ala. 36–43, 95 So. 171; American Ry. Express Co. v. Reid, 216 Ala. 479, 113 So. 507; Bachelor v. State, 216 Ala. 356, 113 So. 67; Bridges v. State, 225 Ala. 81, 142 So. 56–61; Canty v. State, 238 Ala. 384, 191 So. 260; Peterson v. State, 231 Ala. 625, 166 So. 20.

No other questions are presented for our consideration.

No error appearing in any ruling of the court and the record being also without error, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.