60 So.2d 861

### GANEY v. STATE.

1 Div. 641.

Court of Appeals of Alabama.

Oct. 7, 1952.

Hubert M. Hall, Bay Minette, for appellant.

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the State.

PRICE, Judge.

Defendant was convicted for "reckless driving," an offense denounced by Section 3, Title 36, Code of Alabama, 1940, providing that "Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving", etc.

The jury assessed a fine of $25 and the court imposed an additional punishment of ninety days in the Baldwin County jail.

The evidence for the State tended to prove that for a distance of nine-tenths of a mile, between the lake bridge and the double bridges, on the old Bay Minette-Stockton road in Baldwin County, defendant bumped his automobile six times into the back of an automobile driven by John Payne, bending Mr. Payne's bumper and tearing it loose from the car. Mr. Payne testified he was driving around thirty miles an hour. Defendant would drive at a rate of 50 or 55 miles an hour until he hit Mr. Payne's automobile, then he would slow down, get a new start and hit it again. The road was of the corduroy type and was rough and sandy. Each time his automobile was bumped it would zigzag across the road. It was difficult to get it straightened up and almost impossible to control it and hold it in the road. In trying to get away from defendant he passed another car and defendant also passed it, almost crowding the other automobile into the bridge.

The testimony of defendant and his witnesses was to the effect that defendant was driving behind the Payne automobile at the time and place complained of, but he was only driving 20 to 35 miles per hour and never got closer than 20 feet to Mr. Payne. Defendant denied that he ever bumped into the automobile and testified there was plenty of room for both he and Mr. Payne to go around the other automobile in safety.

The conflict in the testimony presented a question for the determination of the jury. The evidence was sufficient, if believed by the jury under the required rule, to sustain the judgment of conviction. No error resulted in the court's denial of the motion for a new trial on the ground the verdict was contrary to the evidence.

It is insistently contended that the evidence in the case did not warrant the imposition by the court of the additional punishment of a jail sentence, and that such sentence was excessive, in view of the fact that the jury saw fit to impose only the minimum fine.

Title 36, Section 3 of the Code, supra, provides that upon conviction punishment may be by both fine and imprisonment of not less than five nor more than ninety days. Where the judge in imposing sentence does not exceed the authority given him by law, his discretion is not reviewable. Dunn v. State, 8 Ala.App. 382, 62 So. 379; Wood v. State, 28 Ala.App. 464, 187 So. 250; Rutland v. State, 31 Ala.App. 43, 11 So.2d 768; Yates v. State, 31 Ala.App. 362, 17 So.2d 776.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Affirmed.