69 So.2d 467

## LEE v. STATE.

### 2 Div. 861.

Court of Appeals of Alabama.

Aug. 11, 1953.

Rehearing Denied Sept. 8, 1953.

Si Garrett, Atty. Gen., and Arthur Joe Grant, Asst. Atty. Gen., for the State.

LeMaistre, Clement & Gewin, Tuscaloosa, for appellant.

## HARWOOD, Judge.

This appellant was charged by indictment with transporting illegal liquors in quantities of five gallons or more, an offense denounced by Section 187, Title 29, Code of Alabama 1940.

The jury returned a verdict of guilty and the court imposed a sentence of imprisonment in the penitentiary for a term of five years.

The evidence presented by the State tends to show that the Sheriff of Hale County and two or more of his deputies were parked near a highway apparently on the lookout for a Mercury automobile.

When such a car passed them they followed, and according to the officers the automobile was never out of their sight.

The Mercury automobile turned into a side road, followed by the officers.

It was driven into the yard of Hubbard Williams, and turned around. The officers were close behind, and as the Mercury stopped two of them got out of their car and ran to it.

The appellant was sitting under the steering wheel, and John Hodges, Jr. was sitting on the front seat with him.

Fifteen gallon jugs of untaxed moonshine whiskey were in the Mercury when it was searched by the officers. These jugs and their contents were introduced in evidence by the State.

Evidence presented by the defense was directed toward showing that the appellant and Hodges arrived at Williams' house some substantial time before the officers.

The appellant and Hodges both testified that at Hodges' request the appellant had driven him to Hale County supposedly to see a friend. Upon arrival at Williams' place Hodges was informed that his friend had left a "package" near the road for him. Hodges then began to put these packages in the Mercury. When the appellant discovered that the packages were whiskey he told Hodges he would not allow it in his automobile, and would not have it. While the appellant and Hodges were arguing this point the officers arrived.

A written statement admittedly signed by Hodges was received in evidence after its voluntariness was first established. This statement was introduced by the State on cross examination of Hodges for impeachment purposes and was made by Hodges on the night of his arrest.

In this account Hodges stated that he had gotten in appellant's automobile in Tuscaloosa. There were two gallons of whiskey on the front seat, and he moved these to the front floor board, and the rest of the whiskey was on the back seat. They drove to Hale County by way of Eutaw. No whiskey was placed in the car at Williams' house, so it must have been in the car when he entered it.

The above contradictory evidence presented by the State and by the defense of course presented a question of fact solely within the province of the jury to resolve. Clearly, the evidence presented by the State was ample in its tendencies to support the verdict rendered.

Mr. John Otts, one of the deputy sheriffs participating in the arrest of the appellant testified that when he first searched appellant's automobile the appellant had his hand over a pistol lying on the front seat.

During his cross examination the appellant testified that the pistol belonged to his wife, and that she kept it in the car at all times, and on the night of his arrest the pistol was pushed down between the cushions of the seat and was not "reachable."

324

He further testified during this cross examination that he had plead guilty in the County Court of Hale County to carrying a concealed weapon, the charge growing out of his possession of this pistol at the time of his arrest on the night in question.

On redirect examination the appellant testified he did not know the pistol was in the automobile until discovered upon his arrest.

He was then asked: "Q. I will ask you if you didn't plead guilty just to get it settled?"

To this question the court sustained the objection interposed by the State.

Counsel for appellant strenuously argues that the above ruling was erroneous, in that the answer sought was within the exception to the rule of exclusion of testimony as to mental operation, the exception being that where an opponent brings out evidence of statements or acts discrediting to a witness, he may testify on redirect examination what was his motive in making the statement or doing the act, even though such explanation involves a mental operation. See Johnson v. State, 102 Ala. 1, 16 So. 99; Carwile v. State, 148 Ala. 576, 39 So. 220; Turner v. State, 224 Ala. 345, 140 So. 448; McGuff **v.** State, 248 Ala. 259, 27 So.2d 241.

However, this principle can have no valid operation where a witness is discredited by showing his conviction of a crime. This for the reason that the prior judgment of conviction is conclusive and final of that issue. Waters v. State, 117 Ala. 108, 22 So. 490; Fuller v. State, 147 Ala. 35, 41 So. 774; Ellis v. State, 244 Ala. 79, 11 So.2d 861; Kendrick v. Cunningham, 9 Ala.App. 398, 63 So. 797; Formby v. Williams, 17 Ala. App. 24, 81 So. 360; Mayo v. State, 32 Ala. App. 264, 24 So.2d 769; Nelson v. State, 35 Ala.App. 179, 44 So.2d 802.

The court therefore did not err in its ruling in the above instance.

■ Counsel next argues that this judgment cannot stand for the reason that the record fails to show an arraignment or plea on behalf of the appellant.

The judgment entry specifically recites that "came the State of Alabama by its Solicitors Hon. James A. Hare and Hon. G. E. Sledge and also came the defendant in his own proper person and attended by his attorneys Hon. J. G. Burns and Hon. Reginald Richardson and issue being joined on defendant's plea of not guilty * * *" etc.

This is conclusive to show that a plea of not guilty was made by the defendant. Clayton v. State, 16 Ala.App. 432, 78 So. 462; Bray v. State, 16 Ala.App. 433, 78 So. 463.

■■ Counsel also argues that the trial court grossly abused its discretion in the severity of the punishment imposed, and states "For such gross abuse of discretion this court may reverse and remand this cause. Yates v. State, 31 Ala.App. 362, 17 So.2d 776." This contention is without merit, and in fact the Yates case, supra, cited by counsel, specifically states:

"It is further contended that a reversal is due because of the alleged severity of the punishment imposed. Since the sentence was within the statutory limit, however, it must be here affirmed. It was the prerogative of the the trial court to assess such punishment, within legal limits, as sound discretion should dictate. Sales v. State, [31 Ala.App. 19], 12 So.2d 101, certiorari denied, Id., 244 Ala. 30, 12 So.2d 103; Wood v. State, 28 Ala.App. 464, 465, 187 So. 250, 251. Nothing is shown to indicate an abuse of this discretion."

The above is a correct statement of the doctrine governing which is that where a trial court acts within the limits provided by statute in imposing punishment, his discretion is not reviewable or revisible. Wood v. State, 28 Ala.App. 464, 187 So. 250; Yates v. State, 31 Ala.App. 362, 17 So.2d 776; Ganey v. State, 36 Ala.App. 570, 60 So.2d 861.

Some seventeen written charges were given at appellant's request, and four requested charges were refused.

Of the refused charges, Nos. 19, 20, and 21 were affirmative in nature and properly refused under the evidence.

Refused charge 4 was properly refused because of its ellipticalness. Further, the principle sought to be set forth in this charge was covered in the court's oral charge.

Affirmed.