83 So.2d 735

### Luther H. DOUGLAS

v.

### STATE.

8 Div. 556.

Court of Appeals of Alabama.

Nov. 22, 1955.

No appearance for appellant.

John Patterson, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted for a violation of the provisions of Title 3, Section 9, Code 1940, in that he "unlawfully, wantonly, or maliciously killed, disabled, disfigured or injured a cow, the property of Vaughan Booth, against the peace and dignity of the State of Alabama," and a fine of $225 was assessed against him.

The evidence on the part of the State tended to show that an 8 months old Holstein heifer calf belonging to Mr. Booth was found dead on appellant's property. There was a hole in the animal's shoulder which looked as if some object had penetrated it. Testimony as to the value of the calf ranged from $75 to $275. It was shown that sometime prior to the finding of the dead animal appellant had made several threats about shooting Booth's cattle if they were not kept up.

A veterinarian testified the cow had been dead two, three or four days and dogs had eaten a part of her at the time he performed an autopsy. He opened the wound and found a big blood clot which he stated could have been caused by shot or by other things. He gave no opinion as to the cause of death, and no bullet was found. Mr. McCutcheon, the sheriff of Morgan County, after proper predicate, stated that at the time he executed the warrant of arrest, defendant "began by asking about the stock law and saying that he was trying to get a good cover crop up and Vaughan wouldn't keep his cattle off it. He said he run them off with the dogs and Vaughan let them come right back. He said he

notified Vaughan to keep his cattle off. I don't know what all was said but he said he shot it. He didn't deny shooting the yearling." In answer to defendant's question on cross examination he said, "Yes, sir, you said you notified Vaughan you didn't deny shooting it."

The evidence for the defendant tended to show that Mr. Booth frequently allowed his cattle to get out of his fences and to roam over defendant's property and that of other neighbors and that the cow was trespassing upon a field of growing oats.

The defendant did not testify.

Appellant was not represented by counsel at the trial. Few rulings of the court were invoked during the introduction of evidence and no exceptions were reserved to any adverse ruling.

A motion for a new trial, on the grounds of the insufficiency of the evidence to sustain the verdict was filed by an attorney and was overruled by the court.

No brief has been filed on appellant's behalf.

In Hill v. State, 207 Ala. 444, 93 So. 460, 461, it was said:

"In every criminal prosecution the burden is on the state to prove beyond a reasonable doubt that the crime charged has been in fact committed, and that the accused is the person who committed it. * * * Circumstantial evidence may afford satisfactory proof of the corpus delicti; and if any facts are shown from which the jury may reasonably infer that the crime has been committed, the question must be submitted to the jury, and other evidence tending to implicate the accused is thereby rendered admissible. * * * it must be considered as settled that inconclusive facts and circumstances tending prima facie to show the corpus delicti may be aided by the admissions or confession of the accused so as to satisfy the jury beyond a reasonable doubt, and so to support a conviction, although such facts and circumstances, standing alone, would not thus satisfy the jury of the existence of the corpus delicti." See also Ratliff v. State,

212 Ala. 410, 102 So. 621; Rutland v. State, 31 Ala.App. 43, 11 So.2d 768.

We are of the opinion that the evidence adduced on the trial of this case was sufficient upon which the jury could find the crime had in fact been committed and that the defendant was the guilty agent. The motion for a new trial was properly overruled.

There being no error in the record which would authorize a reversal, the judgment is affirmed.

Affirmed.