314 So.2d 925

**Anthony J. SMITH, alias**

v.

**STATE.**

**3 Div. 330.**

Court of Criminal Appeals of Alabama.

June 17, 1975.

Charles C. Carlton, Montgomery, for appellant.

William J. Baxley, Atty. Gen. and C. Lawson Little, Asst. Atty. Gen., for the State, appellee.

PER CURIAM.

Appellant was convicted of the crime against nature, a common law offense, the

punishment for which is set out in T. 14, § 106, Code of Alabama 1940, Recompiled 1958. The sentence fixed by the court was ten years imprisonment in the penitentiary.

At the time of trial appellant testified that he was sixteen years of age. On arraignment, at which time he was properly represented by an attorney, appellant petitioned the court to be tried as youthful offender under the terms of T. 15, § 266(1) et seq. After investigating the case as required under the terms of the above law, the court denied the petition and ruled that appellant be tried as an adult. The case was thereupon set for hearing at a future date and tried at that time.

As we understand the intent and terms of the Youthful Offender Act, supra, the court is invested with a discretion to grant or deny a juvenile his status as a youthful offender. From the record we see no apparent abuse of this discretion and, of course, cannot presume such abuse to have occurred. No error appears in the action of the court in this respect.

Appellant further complains that the sentence of ten years, which is the maximum provided in the charge for which the appellant was tried, is excessive and an abuse of discretion on the part of the court.

In the case of *Lee v. State,* 37 Ala.App. 321, 69 So.2d 467, cert. denied, 260 Ala. 698, 69 So.2d 470, the court stated:

" 'It is further contended that a reversal is due because of the alleged severity of the punishment imposed. Since the sentence was within the statutory limit, however, it must be here affirmed. It was the prerogative of the trial court to assess such punishment, within legal limits, as sound discretion should dictate. Sales v. State, 31 Ala.App. 19, 12 So.2d 101 certiorari denied, Id., 244 Ala. 30, 12 So.2d 103; Wood v. State, 28 Ala.App. 464, 465, 187 So. 250, 251. Nothing is shown to indicate an abuse of this discretion.'

"The above is a correct statement of the doctrine governing which is that where a trial court acts within the limits provided by statute in imposing punishment, his discretion is not reviewable or revisible. Wood v. State, 28 Ala.App. 464, 187 So. 250; Yates v. State, 31 Ala.App. 362, 17 So.2d 776; Ganey v. State, 36 Ala.App. 570, 60 So.2d 861."

See also Alabama Digest, Criminal Law, Volume 7, ☞1208(2).

An examination of this record reveals that the evidence presented a question of fact as to the guilt or innocence of the appellant which question was properly submitted to the jury by the court. Although it is not necessary to review the sordid evidence in this case, it was ample to support the verdict of guilty rendered by the jury.

An examination of this record reveals no error of a reversible nature. The case is due to be affirmed.

Affirmed.

TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.

CATES, P. J., not sitting.