Assault with intent to murder; sentence: fifteen years imprisonment.
This case arose out of an unsuccessful murder attempt on the life of Gregory Allen Brooks by a gunman hired by the appellant. The victim Brooks was age sixteen and the appellant was age nineteen. They worked at Liberty Super Market in Birmingham. On Thursday, prior to the assault on the following Wednesday, March 3, 1976, the appellant came to Brooks' home and presented Brooks with a letter in which appellant stated among other things that he, Barnett, was "gay." Brooks told the appellant that he would have nothing more to do with him, and the appellant left the house in an angry mood. Brooks testified that around 2:15 P.M. the following Wednesday, a stranger came to his residence, *Page 514 
stated that he had car trouble, and asked to use the telephone. Brooks allowed the stranger, later identified as Eric Neal Dameron, to enter the house. Dameron then took a pistol from a paper bag and shot Brooks five times, wounding him in the legs, arms and back. Dameron pointed the gun directly at Brooks' head and pulled the trigger a sixth time, but the gun failed to fire and Dameron fled out the back door.
Eric Neal Dameron admitted shooting Brooks for which he was to have been paid $100.00 by the appellant. Dameron testified that on March 2, 1976, the appellant gave him a gun belonging to appellant's father, showed him a picture of Brooks, gave him five cartridges and $60.00, and pointed out Brooks' home to him. Dameron stated that on Wednesday, March 3, 1976, appellant told him to kill Brooks and drove him over to the victim's neighborhood. He said that he shot Brooks, ran out the back door and threw the gun in a sewer.
Officer L.R. Skipper testified that on March 5, 1976, he was dispatched to the East End Hospital after the appellant had called the police and requested to talk to an officer. He entered appellant's hospital room, asked who was the complainant, and the appellant told him, "I'm the one that called you. I hired a man named Dameron to shoot Greg Brooks." Officer Skipper stated that he then advised appellant of his rights and interviewed him. He testified that the appellant's speech was coherent and that the statement was made voluntarily without threats or promises. A taped statement was taken later that day by Sgt. Morgan Knight in which the appellant identified and described Dameron and told Knight where he believed Dameron discarded the pistol. The appellant, who had taken an overdose of drugs on the date of the assault, was hospitalized and was recuperating at the time he gave the two statements at the hospital.
Appellant's father testified that he owned a .32 caliber Colt revolver similar to the one identified at trial as the gun used by Dameron. The witness stated that he discovered his revolver missing on Thursday, March 4, 1976, and that the gun exhibited during the trial looked like the one he was missing. Experts testified that a spent bullet found at the scene of the shooting was fired by that pistol and that latent palm prints found at the scene were those of Dameron.
 I
The appellant contends that because this was his first offense, the trial court erred in refusing to exercise its discretion to grant him youthful offender status pursuant to Act No. 335, Acts of Alabama 1971, 3rd Special Session, approved February 10, 1972 (Title 15, § 266 (1) et seq., Code of Alabama 1940, Recompiled 1958). We do not agree.
The youthful offender act provides that a minor who has committed a crime involving moral turpitude, which was not disposed of in juvenile court, may be investigated and examined by the trial court to determine whether he should be tried as a youthful offender. After such investigation, the trial court may direct that the accused be arraigned as a youthful offender, or he may deny youthful offender treatment. The act specifically states that the granting of youthful offender treatment is in the discretion of the trial court.
The trial judge in the instant case requested and received a thorough investigative report from the state probation officer. That report was duly considered at the hearing on the appellant's motion for youthful offender status. Once an examination and appropriate investigation are completed, the youthful offender act vests the trial judge with almost absolute discretion in granting or denying youthful offender status. Morgan v. State, 291 Ala. 764, 287 So.2d 914 (1973);East v. State, Ala.Cr.App., 331 So.2d 414 (1976); McClendon v.State, Ala.Cr.App., 341 So.2d 174 (1976). Considering the extreme seriousness of the crime involved, we find no abuse of discretion in the trial court's denial of youthful offender treatment. Although this was the appellant's first offense, the trial court was entitled to give great weight to the nature of the crime charged. Clemmons *Page 515 v. State, 294 Ala. 746, 321 So.2d 238 (1975).
 II
The appellant next contends that the State did not adequately prove the voluntariness of the confession given to Officer L.R. Skipper.
The basic test for admissibility of a confession is whether it was freely and voluntarily made. Price v. State, 52 Ala. App. 21, 288 So.2d 803 (1974). Before an inculpatory statement may be admitted into evidence, the State must make an evidentiary showing sufficient to rebut the prima facie presumption of involuntariness, to the satisfaction of the trial judge.Otinger v. State, 53 Ala. App. 287, 299 So.2d 333 (1974).
It is our opinion that the State made a proper showing during voir dire examination of Officer Skipper that the confession was voluntary. Where, as here, it appears from a review of the surrounding circumstances that the extra-judicial confession was not induced by threat or promise of reward, express or implied, operating to produce in the mind of the accused apprehension of harm or hope of favor, the confession is admissible. Bass v. State, 55 Ala. App. 5, 312 So.2d 576 (1975).
"Any statement given freely and voluntarily without any compelling influences is, of course, admissible in evidence. . . . There is no requirement that police stop . . . a person who calls the police to offer a confession or any other statement he desires to make. Volunteered statements of any kind are not barred by the Fifth Amendment. . . ." Miranda v. Arizona,384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Allred v.State, 55 Ala. App. 74, 313 So.2d 195, cert. denied 294 Ala. 751, 313 So.2d 208, cert. denied 423 U.S. 859, 96 S.Ct. 113,46 L.Ed.2d 86 (1975).
Appellant makes the assertion that an overdose of drugs taken by him over thirty hours before the confession rendered his statement involuntary under Beecher v. Alabama, 389 U.S. 35,88 S.Ct. 189, 19 L.Ed.2d 35 (1967). True, Beecher did hold a confession to be involuntary because the accused was under the influence of drugs. However, inquiry into the issue of voluntariness requires more than a "mere color-matching of cases," Reck v. Pate, 367 U.S. 433, 81 S.Ct. 1541,6 L.Ed.2d 948 (1961). Beecher involved an instance in which the accused was still in a "kind of slumber" from an injection of morphine received less than an hour before the lengthy interrogation began. Also see: Beecher v. Alabama, 408 U.S. 234,92 S.Ct. 2282, 33 L.Ed.2d 317 (1972). The statement in the instant case arose from no interrogation whatsoever. It was totally voluntary and was made over thirty hours after the drugs were taken. A realistic appraisal of the circumstances attending the taking of the confession in this case establishes its voluntariness without question.
 III
Appellant's third contention is that there was insufficient corroboration of the accomplice's testimony. It certainly appears to this Court that the appellant's confession, the tentative identification of the weapon by the appellant's father, and other evidence, would be sufficient to connect the appellant with the offense and to corroborate the testimony of Dameron. However, whether the evidence sufficiently corroborated the testimony of the accomplice is not presented for review. There was no motion to exclude the State's evidence, no request for the affirmative charge, and no motion for a new trial. Therefore, the trial court was not presented with an opportunity to rule on the sufficiency of corroboration as a question of law. Alexander v. State, 281 Ala. 457,204 So.2d 488 (1967); Trussel v. State, 44 Ala. App. 194,204 So.2d 839 (1967).
 IV
Appellant's final contention is that the trial court erred in meting out a sentence to the appellant which was substantially in excess of that meted out to the co-defendant. *Page 516 
Title 14, § 38, Code of Alabama 1940, states that the punishment for assault with intent to murder will be "imprisonment in the penitentiary for not less than two nor more than twenty years." The appellant's sentence of fifteen years was within the statutory limit, and hence must be affirmed. It was the prerogative of the trial court to set the punishment, within the statutory limits, as sound discretion should dictate. Smith v. State, 55 Ala. App. 323, 314 So.2d 925
(1975). The trial court acted within the limits provided by statute in setting punishment, and its discretion is neither reviewable nor revisable. Wood v. State, 28 Ala. App. 464,187 So. 250 (1939).
AFFIRMED.
All the Judges concur.