LEIGH M. CLARK, Retired Circuit Judge.
This appeal from a denial of a pro se petition for writ of error coram nobis could appropriately be disposed of by an affirmance without an opinion. Nevertheless, it is believed that the exemplary handling of the matter by the trial judge and the attorneys on an evidentiary hearing of the petition should by an opinion be made known generally “to whom it may concern.”
Soon after the filing of the pro se petition that petitioner executed while in Holman Prison, in which he requested that he be allowed to proceed in forma pauperis, the court appointed an attorney to represent him, which appointment the attorney promptly accepted; and he promptly proceeded to arrange for witnesses to attend the hearing. Before the hearing commenced, the petition was amended by petitioner’s appointed counsel by adding the following averment:
“Petitioner entered a Plea of Guilty to two cases of Assault with Intent to Murder (Cases No. 10,952 and 10,475) on the eighteenth day of April 1972 and he hereby attacks the validity of both of the proceedings.”
The regular judge of the Circuit Court of Limestone County recused himself, and Retired Circuit Judge Newton Powell was duly designated to handle the case.
The pro se petition, without amendment, contained such a conglomeration of allegations that it seemed to afford little, if any, basis for relief. The controversy between the parties on the hearing centered upon the validity vel non of the two convictions in 1972 for the crimes of assault with intent to murder, which was challenged by the amendment to the petition. It was established by the evidence that at the time of his convictions he was within the age of eligibility for treatment under the Youthful Offender Act, whereby appellant could have, upon his consent, been tried as a youthful offender if upon an appropriate investigation by the trial court it determined that he should be tried as a youthful offender. Smith v. State, 55 Ala.App. 323, 314 So.2d 925 (1975); McClendon v. State, Ala.Cr.App., 341 So.2d 174 (1976), cert. quashed, 341 So.2d 178 (1977). As stated in Morgan v. State, 291 Ala. 764, 765, 287 So.2d 914, 915 (1973):
“... The duty is upon the trial judge to call the Act to the attention of the youthful offender, just as much as it is the duty of the trial judge to explain to a defendant his Constitutional rights when he enters a plea of guilty.”
After the petitioner had made it clear by his testimony that his age made him eligible for youthful offender treatment in the 1972 cases and that it had not been made known to him that he had the right to apply for such treatment, the trial judge on the coram nobis proceeding apparently concluded that the State could offer no evidence to show that the trial judge in the 1972 cases had called the Act to the attention of de *506 fendant and suggested “consideration as to whether or not he would have been granted youthful offender status if he had applied.” The inquiries then concentered upon the issue whether or not petitioner should have been accorded youthful offender status if he had been informed of his right, and had exercised the right, to apply for treatment as a youthful offender.
The petitioner testified on the issue of whether he should have been granted youthful offender treatment. It was made known to the trial court that there was a report by the probation officer as to defendant’s application for probation in the 1972 convictions, which the trial judge stated he would review before rendering judgment as to the petition for writ of error coram nobis. The hearing was concluded as follows:
“THE COURT: I’ll take this under advisement and will advise you as soon as possible.”
Within about five days after submission, the trial court rendered a five-page “ORDER” denying the petition for writ of error coram nobis, in which order are the following statements, inter alia:
“The question of the failure of the Trial Judge to advise the Defendant of his right to apply for youthful offender status is one which has been considered by the Courts. It has been determined that this is a requirement in cases where the Defendant is within the age limit of this status. The attorney for the Petitioner in this case furnishes the Court with a memorandum of authorities which contains a citation to the proposition that where the Court fails to advise the Defendant, Petitioner of his right to apply for the status of youthful offender before his plea of guilty that the case will be remanded to the Trial Court for the determination as to whether or not in the Trial Court’s discretion the Defendant should be treated as a youthful offender. Cook [Cooks] v. State [55 Ala.App. 537], 317 So.2d 504 (1974); Pride v. State [55 Ala.App. 575], 317 So.2d 541 (1974). Other cases are to this effect also.
[[Image here]]
“The Court finds that the Trial Court failed to advise the Petitioner of his right to apply for youthful offender status at the time he entered his plea of guilty. The Court has investigated the record of the Petitioner at the time of his plea of guilty. The Court has before it a probation report in the two cases wherein the Petitioner entered pleas of guilty. This probation report is made an exhibit to the evidence in this case. Upon review of the probation report it appears to the Court that at the time the pleas of guilty were entered this Petitioner had been charged with the offense of robbery which was amended to a charge of assault and battery, and the Petitioner had served four months in the county jail for the assault and battery. It also shows that this Petitioner had served thirty days at hard labor in the county jail of Limestone County for the offense of petty larceny at this time. It also shows that this Defendant had served thirty days at hard labor for the offense of resisting arrest at the time he entered his plea of guilty in these two cases. It also shows that the Petitioner had served thirty days at hard labor for the county for abusive language at the time he entered the said plea, and that he had served thirty days at hard labor for disturbing the peace of others at this time; this was in addition to another thirty-day sentence at hard labor which he had served for the same type of offense in 1969, prior to his plea of guilty in the cases in question. The record also indicates that this Petitioner was fined Fifty and 00/100 Dollars ($50.00) and sentenced to twenty-four days in jail for the offense of provocation prior to his plea of guilty in the cases in question. These cases are in addition to eight (8) traffic cases involving one driving while intoxicated and in some of these cases the defendant who is here the petitioner was sentenced to jail sentences. The probation report also reveals that the Petitioner at the time he entered the plea of guilty had a bad reputation among members of both races in Limestone County, *507 that he had been a source of ‘trouble’ for enforcement officials in that county for several years, and the probation officer reported that he found no one who recommended probation for this Petitioner at that time.
“The Court, therefore, concludes that even though the Petitioner was not advised of his right to apply for youthful offender status at the time he entered his plea of guilty had he made such application the application would have been denied on the record of the Petitioner at the time he entered the pleas. Youthful offender status is usually reserved for those first offenders who have a good reputation and a promise of rehabilitation. This Court is of the opinion that youthful offender status should not have been granted in this case based on this Court’s finding. Therefore, the judgment of the Trial Court on the pleas of guilty of the Defendant who is here the Petitioner would not have been changed had the Trial Court advised the Petitioner of his right to apply for youthful offender status.
[[Image here]]
We regret the necessity for the inclusion in this opinion of the foregoing recital of petitioner’s criminal record, but we feel justified in doing so in order that all concerned may be fully informed of our reasons for reaching the decisions we are making in this case, which are consonant with the reasons expressed by the trial court for its denial, after a patient evidentiary hearing, of the petition for writ of error coram nobis.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur, except BOWEN, P.J., who concurs in the result only.