The opinion of the court was delivered by
Mtt.t.br, J.
The plaintiff, Jacob Marx, obtained a respite from his *1272 creditors. Subsequently, some of bis creditors instituted proceedings by rule to set aside the respite on the ground that the debtor had not made the payments under the terms of the respite, and other grounds were assigned. To this rule the debtor excepted and the exceptions were overruled. Thereupon the court, without any proof of the allegations in the rule of the creditors, made the rule absolute, annulling the respite and appointing a syndic to administer the debtor’s property, the court conceiving the debtor called on by the rule to show cause and having shown no cause against annulling the respite, that the judgment making the rule absolute was authorized without any proof of the creditors’ demand. Prom that judgment the debtor appeals.
The Act No. 134 of 1888 is the basis of the demand of the creditors. That act provides that the creditors of the respited debtor shall have the right to cause the respite to be set aside and a syndic appointed, if the debtor fails to comply with the terms of the respite. The proceeding under the act is to be summary. We are asked in this case to hold that the act, besides providing a summary proceeding, dispenses the creditor from making any proof of the default of the respited debtor, on which default the right of the creditor to the relief sought by him depends. All will concede the general rule that the plaintiff, whether in the suit or in rule, must prove his demand. When the appeal comes to this court the record must exhibit the testimony, or the statement of facts, or admissions on which the judgment rests. O. P. Arts. 585, 586, 603.
The judgment in this case rests on no basis, except the rule against the debtor to show cause why judgment should not be pronounced against him and his failure to show cause. The creditors, plain iffs in rule, were not in our view dispensed from the burden of proving the allegations of their rule merely and only because the debtor did not exhibit cause. The burden was not upon him to show the creditors had no ground, but on the creditors to show the grounds existed on which they relied. The defendant in the suit who fails to appear when cited, or flies a frivolous exception, which is overruled, is not therefore presumed to admit plaintiff’s demand. The plaintiff in the ordinary suit, notwithstanding the failure to answer or the frivolous exception of the defendant, must still prove his demand. So it is with the plaintiff in rule, that is, although the defendant in the rule does not show cause, or at least any adequate case, still the plaintiff in the rule must prove his demand.
*1273 It is urged on us that rules to erase mortgages and against garnishees are made absolute without proof. Such rules' taken by administrators or syndics in the course of their administrations before the court having jurisdiction of the succession or insolvency, are made absolute because the law directs such erasure as the incident of such administration. Judgments go against garnishees because the legal consequence of the mere lapse of ten days without answer. But proceedings to erase mortgages or against garnishees furnish no warrant for a judgment annulling a respite without any proof of the facts on which, under the act of 1888, the right to annul depends. It deserves consideration, too, that respites concern all the creditors of the debtor.^ On the theory that respites may be set aside without any proof of the default of the debtor, the rights of all the creditors could be displaced or affected by the collusion of the debtor with any one of his creditors, not to show cause when proceeded against to annul the respite. We think the consequence itself illustrates the fallacy of the argument in support of the judgment.
The presumption in some cases is invoked that judgments are based on testimony. But any such presumption is excluded by the showing on the record that no testimony was produced.
The manifest justice of the case, and the fact that the lower court conceived the act of 1888 authorized the judgment without proof, determines us to remand the case to enable the creditors to make that proof.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed and the case be remanded to the lower court for proceedings in conformity to this opinion, the costs to be paid by thejappellee.