# CASES

IN THE

# SUPREME COURT OF ALABAMA

NOVEMBER TERM 1908-1909

## Green *v.* The State.

*Murder.*

(Decided May 13, 1909.  49 South. 676.)

1. *Evidence; Confession; Admissibility.*—Where the proper predicate is laid showing that the statements testified to were made voluntarily, such evidence of confession is properly admitted.

2. *Criminal Law; Service of Indictment on Defendant.*—Section 7840, Code 1907, make it mandatory that a copy of the indictment be served upon the defendant or his counsel one entire day before the day set for his trial, and unless it affirmatively appears of record that an order to that effect was made by the trial court, reversible error is committed.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

John Green was convincted of murder and he appeals. Reversed and remanded.

John Price, a witness testifying for the state said that he saw John Green at a certain place on the day of the killing, and that John Green made certain statements to him relative thereto and that neither witness nor anyone else made any threats to Green or offered him any reward or made him any promise to induce him to say anything or make any statement.

JAMES W. STROTHER, for appellant. Confessions are presumed to be involuntary and the contrary must be

clearly shown.—*Young v. The State*, 68 Ala. 569; *Beckham v. The State*, 100 Ala. 16; *Reed v. The State*, 69 Ala. 255; *Daniels v. The State*, 48 South. 747. The court's oral charge was error.—*Rollins v. The State*, 136 Ala. 126; *Leech v. Waugh*, 24 Ill. 228. Counsel discuss assignments of error relative to evidence, but without citation of authority.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, Assistant Attorney General, for the State. The service of the indictment will be presumed where the record fails to show to the contrary and there is no objection by the defendant.—*Spicer v. The State*, 69 Ala. 159; *Lomineck v. The State*, 39 South. 677; Sec. 7840, Code 1907.

DOWDELL, C. J.—The ruling of the trial court in the admission of evidence of the defendant's confession was free from error. The proper predicate by preliminary examination of the witness was laid, showing that the statements testified to as having been made by the defendant were free and voluntary. Nor do we think that the conditions surrounding the defendant at the time of his statements were such as to induce the conclusion or belief that his statements were not voluntary.

In *Spicer v. State*, 69 Ala. 159, it was ruled that in capital cases the statute, requiring the service of a copy of the indictment on the defendant or his counsel one entire day before the day set for his trial (section 7840, Code 1907), was mandatory, and, unless it affirmatively appeared of record that an order to that effect was made by the court, it was ground for reversal on appeal from the judgment of conviction. *Spicer's Case* was followed and cited in the case of *Lomineck v. State*, which will be found reported in 39 South. 673. The record in the

present case fails to show any order for the service of a copy of the indictment on the defendant. This, under the authorities cited above, constitutes reversible error.

The judgment must be reversed, and the cause remanded.

Reversed and remanded.

SIMPSON, DENSON, and MAYFIELD, JJ., concur.