# Carson *v.* The State.

## *Violating Prohibition Law.*

(Decided June 17, 1912.  59 South. 706.)

*Intoxicating Liquors; Illegal Sale; Prima Facie Case; Jury Question.*—Where the defendant was prosecuted for a violation of the prohibition law, and admitted that he had procured an internal revenue receipt and stamp tax for the period covered by the indictment, authorizing him to engage in the business of a wholesale or retail liquor dealer, a prima facie case is made against him, and under the evidence it was a question for the jury as to whether such prima facie case so made had been rebutted or overcome.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Lee Carson was convicted of violating the prohibition law, and he appeals. Affirmed.

P. F. WHARTON and T. C. SENSABAUGH, for appellant. The payment of the internal revenue tax did not authorize the conviction of the defendant.—*Green v. The State,* 68 Ala. 541; 12 Cyc. 594; 6 Enc. P. & P. 628.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The defendant admitted having procured the internal revenue license and stamp tax covering a part of the period covered by the indictment. This made out a prima facie case, and the question was properly submitted to the jury to determine the guilt or innocence of defendant.

WALKER, P. J.—As the defendant admitted that he paid the United States internal revenue retail liquor dealer's tax for a part of the period covered by the indictment, and as the statute (Acts Ala. Sp. Sess. 1909,

12 CA

[Sheppard v. The State.]

pp. 63, 84, § 22½) makes such payment "prima facie evidence that the party paying the same, or to whom it was issued, had sold, or offered for sale, the liquors for which, or for the privilege of selling which, said special tax had been paid," the claim that there was an absence of any evidence tending to support either of the charges contained in the indictment cannot be sustained. It was a question for the jury whether the prima facie showing made by that admission was rebutted or overcome by other evidence in the case. We find no prejudicial error in any of the rulings of the trial court.

Affirmed.