# Shivers *v*. The State.

### *Violating Prohibition Law.*

(Decided February 6, 1913.  61 South. 467.)

1. *Intoxicating Liquors Indictment; Proof of Two Offenses.*—
Where the indictment contained two counts, one charging an un-
lawful sale, and the other charging the selling, offering for sale,
or otherwise disposing of intoxicating liquors, proof of two dif-
ferent sales, within the punishable period, were properly admitted
in view of section 30, Acts 1909, p. 91.

2. *Same; Instructions.*—Under section 22½, Acts 1909, p. 84, the
possession of the United States Internal Revenue License was more
than a mere circumstance in the chain of evidence, and hence, a
charge asserting that the fact that defendant had a United States
Revenue license would not, of itself, be sufficient to authorize the
jury to convict, but that it was only a circumstance which might
be considered with the other evidence in determining whether or
not accused was guilty, was properly refused.

[Shivers· v. The State.]

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Mack Shivers was convicted of violating the prohibition law, and he appeals. Affirmed.

Charge A is as follows: "The court charges the jury that the fact, if it be a fact, that defendant had a United States revenue license would not of itself be sufficient to authorize the jury to convict the defendant, but it is only a circumstance which may be considered along with all the other evidence in the case, to which the jury may look in determining whether or not the defendant is guilty."

The indictment contained two counts; the first charging a sale without license and contrary to law, the second count charging the selling or offering for sale, keeping for sale, or otherwise disposing of such liquor. The state showed by one Jackson that at one time he bought a pint of whisky from the defendant's place of business several months before the meeting of the grand jury, and also offered to show that the witness had bought whisky from the same party two or three weeks before the meeting of the grand jury; and the court permitted the state to show this latter sale under the second count of the indictment.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

PELHAM, J.—Conviction upon each of the two separate counts of the indictment is authorized.—Acts 1909 (Sp. Sess.) p. 91, § 30. Proof of different sales offered under the different counts within the punishable period was competent evidence and properly admitted.

[Hammock v. The State.]

The payment of a retail liquor dealer's special United States revenue tax or license, covering the place and period in question, is made by statute prima facie evidence that the party paying the same sold, or offered for sale, the prohibited liquor; and such evidence is therefore entitled to be considered by the jury with more weight than a mere circumstance in the chain of evidence.—Acts Sp. Sess. 1909, p. 84, § 22½; *Carson v. State,* 5 Ala. App. 177, 59 South. 706. Charge A, requested by the defendant, was therefore properly refused. We find no error in the record.

Affirmed.