## Harwell *v.* The State.

### *Violating Prohibition Law.*

(Decided February 5, 1914. Rehearing denied June 20, 1914.)
65 South. 702.)

1. *Witnesses; Impeachment; Bias.*—Where a witness testified that he bought whisky from a defendant under instructions from an employee of the Excise Commission of the city, who were engaged in running down blind tigers, and that the commissioners had not paid him specially for buying the whisky from defendant, defendant was entitled to ask him on the cross as to what he was to be paid.

2. *Same; Conviction of Crime.*—A witness may be examined only as to a conviction of an infamous crime, hence, a question whether or not he had been on the chain gang was too general, as it could not have been inferred from an affirmative answer whether he had been convicted of an infamous crime or not.

3. *Intoxicating Liquors; Issue and Proof.*—A defendant is not entitled to have the state limited to evidence as to one sale where the indictment contains three counts, each of which charges the sale of prohibited liquors.

4. *Trial; Presence of Counsel; Instructions.*—The trial court should never have any communication with the jury with reference to the case on trial without affording defendant an opportunity to have his counsel present when such communication was made.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

James L. Harwell was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

W. H. & J. R. Thomas, and W. R. Brassell, for appellant. Defendant was entitled to know what the witness was paid for his services.—*Crawford v. State,* 4 Ala. App. 1. Defendant was entitled to have the state elect as to which sale he would proceed for.—*Shivers v. State,* 7 Ala. App. 110; *Loudermilk v. State,* 4 Ala. 167; *Askew v. State,* 6 Ala. 41; *Morse v. State,* 3 Ala. App. 189.

R. C. Brickell, Attorney General, W. T. Siebels, Solicitor, and Robert G. Arrington, Assistant Solicitor, for the State. Defendant was not entitled to inquire of witness as to what he was paid for his services. —*Cox v. State,* 56 South. 398; *Tarver v. State,* 64 South. 161; *Bailey v. State,* 107 Ala. 151; *Layton v. Campbell,* 155 Ala. 222. It was within the discretion of the trial court to control the cross-examination, and no abuse is shown.—3 Enc. of Evid. 762; Jones on Evidence, sec. 842. There was nothing improper in the action of the court relative to its instructions, while defendant's counsel was not present.—*Ashford v. McKee,* 63 South. 789. The indictment contained three counts, each charging a separate sale, and the state was not required to elect.

WALKER, P. J.—The first witness for the state was Lewis Stanford, who testified as to the purchase by him of some whisky from the defendant. On the cross-examination of this witness he stated that he bought the whisky from the defendant under instructions from one McCord, who subsequently was a witness against the defendant and stated as to himself that he was offi-

cially connected with the excise commission of the city of Montgomery and that his business was to run down blind tigers. After Stanford had, in somewhat evasive answers to questions asked on his cross-examination as to the nature of his employment by McCord, stated that McCord had not paid him specially for buying the whisky from the defendant, he was asked. "What is he to pay you for it?" The defendant duly excepted to the action of the court in sustaining the solicitor's objection to this question. We are of opinion that the question was one which the court should have allowed to be answered. On the cross-examination of the witness the defendant was entitled to bring out any fact having a tendency to impeach his impartiality. It is not to be denied that the jury, in determining whether or not the witness was under the influence of a bias that might affect the weight to be accorded to his testimony, should have been permitted to look, not only to the fact that he had been employed to obtain incriminating evidence against the defendant, but to the amount of compensation he expected to receive for the service rendered by him in that regard.—*Southern Railway Co. v. Crowder,* 130 Ala. 256, 30 South. 592; Jones on Evidence, § 828.

The court was not in error in sustaining the objection of the solicitor to the question asked the state's witness Molton on his cross-examination, "You have been on the chain gang, haven't you?" An obvious purpose of the question was to elicit an admission by the witness of a fact from which his conviction of a criminal offense might be inferred. The conviction, touching which a witness may be examined is one of a crime that is infamous.—Code, §§ 4008, 4009; *Wllliams v. State,* 144 14, 40 South. 408. The question objected to was too general, as from the witness' affirmative answer to it it might have been inferred that he had been convicted

[Harwell v. The State.]

of some offense, whether infamous in its nature or not. The defendant was not entitled to require the witness to testify as to his conviction of an offense his guilt of which would not affect the competency or credibility of his testimony.

Each of the three counts of the indictment charged the defendant with selling prohibited liquor. In a trial on such an indictment the defendant is not entitled to have the state limited to evidence as to one such sale.— *Shivers v. State,* 7 Ala. App. 110, 61 South. 467; *Loudermilk v. State,* 4 Ala. App. 167, 58 South. 180.

The bill of exceptions shows that, after the jurors had retired to consider their verdict and upon their return to the courtroom before a verdict had been agreed upon, the presiding judge had some communication with them in reference to the case while the defendant and his counsel were not present. As the judgment appealed from must be reversed because of the error above pointed out, it is not necessary to determine whether or not this incident has properly been presented for review, or to say more of it than that a trial court should refrain from having any communication with the jury in reference to a case on trial without affording to the parties and their counsel an opportunity to be present when this occurs.—*Morris v. State,* 146 Ala. 66, 102, 41 South. 274; *Feibelman v. Manchester Fire Assurance Co.,* 108 Ala. 180, 203, 19 South. 540.

Reversed and remanded.

### ON APPLICATION FOR REHEARING.

In the brief filed in support of the state's application for a rehearing in this case, it is suggested that there was an inaccuracy in the statement in the opinion to the effect that the communication of the presiding judge

with the jury after it had retired to consider the verdict was had while the defendant was not present. Upon re-examining the part of the bill of exceptions, as set out in the transcript, which dealt with this incident, it was found that, as it was originally typewritten, it showed that the incident happened when the defendant and his counsel were not in court, but that it had been changed with pen and ink so as to show that only the defendant's counsel was absent at the time. Upon an inspection of the original bill of exceptions, it was found that it, too, as it was originally typewritten, had been similarly changed. When the attention of the clerk of the trial court was called to the fact that this part of the bill of exceptions as it was originally transcribed in typewriting in making up the transcript for this court did not indicate that such changes had then been made in the original, he stated to the members of this court that the changes were made after the bill of exceptions had been signed, filed, and copied into the transcript for this court. In consequence of the receipt of this information, a writ of certiorari was issued for "a full and complete copy of the bill of exceptions in this case as the same was when it was signed by the presiding judge and filed with the clerk, omitting changes or interlineations, if any, thereafter made." The return to this writ sets out the bill of exceptions as it is found after the changes above mentioned were made. If the disposition of the case on this appeal were dependent upon the verity of this return, the circumstances above mentioned would call for further action by the court to enable it to be assured that the bill of exceptions which has been certified to is the one which became a part of the record of this court when it was signed by the presiding judge and filed with the clerk of the court below, and not that instrument as subsequently changed by un-

[Jackson v. The State.]

authorized alterations.—*Ex parte Nelson,* 62 Ala. 376. The instrument set out as the bill of exceptions in the return to the writ of certiorari does not show that the defendant was not present when the jury was communicated with after it had retired to consider the verdict; and the concluding words of the opinion formerly rendered are modified so as to read as follows:

"A trial court should refrain from having any communication with the jury in reference to a case on trial without affording to a party to it an opportunity to have his counsel present when this occurs."

A reconsideration of the rulings heretofore made has not led the court to the conclusion that it fell into error in the disposition which was made of the case.

Application for rehearing overruled.