# Thames *v.* The State.

### *Violating Prohibition Law.*

(Decided February 10, 1914.  64 South. 648.)

1. *Witnesses; Examination; Re-direct.*—Where, on cross-examination, defendant brought out the fact that a state witness had pleaded guilty to chicken theft, it was competent for the state on re-direct examinaion of the witness to show the circumstances connected with such charge.

2. *Intoxicating Liquors; Different Offenses; Evidence.*—Where the indictment charged in one count a sale, and in another that defendant sold, offered for sale, or otherwise disposed of intoxicants, it was competent to introduce evidence of both offenses.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Joseph E. Thames was convicted of violating the prohibition law and he appeals. Affirmed.

R. H. ARRINGTON, and H. L. MARTIN, for appellant. The court was in error in the admission of evidence both as to the stolen chickens, and the fact that they were carried to defendants in exchange for whisky, especially in view of the fact that it was shown that on another occasion one of the witnesses bought a quart of whisky and paid money for it.—*Askew v. State,* 60 South. 455.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Defendant

having elicited evidence as to the chicken theft, it was competent on re-direct examination for the state to show the circumstances attending same.—*Thomas v. State,* 103 Ala. 18; *Jones v. State,* 104 Ala. 30; *So. Ry. v. Crowder,* 130 Ala. 256; 8 Cyc. of Evi. 619, 623. The question of guilt was for the jury under the evidence.— *Wright v. State,* 156 Ala. 108.

PELHAM, J.—The defendant, on the cross-examination of the state's witness Simmons, brought out the fact that the witness had been convicted of, or had pleaded guilty to, a charge of stealing chickens. This opened the doors to the state on redirect examination to go into this matter and show the circumstances connected with it.—*Wall v. State,* 2 Ala. App. 157, 56 South. 57; *Williams v. State,* 103 Ala. 33, 15 South. 622. Even if it could be said that some of the details pertaining to the matter that were elicited went beyond the rule, and were not circumstances connected with the transaction injected by the defendant, but consisted of entirely new matter not in the nature of correcting, explaining, or rebutting the inferences that might be drawn from the matter brought out by the defendant on cross-examination, still the evidence elicited would not be inadmissible for the reason assigned by counsel for defendant in brief. The point made is that the circumstances brought out in this connection had no tendency to prove the issue of the defendant's guilt, because the state had previously introduced evidence showing one direct, positive act which in itself constituted the crime charged, and that other testimony of circumstances showing the defendant's illegal connection with prohibited liquors at a different time was not admissible. If the indictment contained but one count charging only the *sale* of prohibited liquors, there

would be some force in this argument; but the indictment set out in the record, upon which the defendant was on trial, is shown to contain two counts, one charging a sale, and the other that the defendant sold, offered for sale, kept for sale, or otherwise disposed of prohibited liquors. The indictment charging more than a single offense, evidence of the other offenses charged was clearly admissible.—*Allison v. State,* 1 Ala. App. 206, 55 South. 453; *Loudermilk v. State,* 4 Ala. App. 167, 58 South. 180; *Shivers v. State,* 7 Ala. App. 110, 61 South. 467.

The evidence was in conflict, and justified a submission of the case to the jury, and there was therefore no error in refusing the general charge requested by the defendant.

No error being presented, an affirmance must follow. Affirmed.

