185 So. 191

## GRAYS v. STATE.

### 6 Div. 379.

Court of Appeals of Alabama.

Dec. 20, 1938.

Morel Montgomery, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and R. L. Farnell, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The contention in this case is that the verdict of the jury was excessive, and that, under the facts, it was the duty of the court to have charged the jury that a conviction could only be had for manslaughter in the first degree.

The homicide was the result of altercation between the defendant and the deceased, in which the evidence discloses that

the deceased was unarmed, and that only one blow was struck which blow was by the defendant with a knife which penetrated the breast of the deceased, resulting in his death.

■ Assuming that the deceased used words which aroused the passion of the defendant to such an extent that defendant struck the blow with a deadly weapon, from which death resulted; such fact cannot reduce the homicide below murder in the second degree. Weaver v. State, 1 Ala.App. 48, 55 So. 956; Ex parte Sloane, 95 Ala. 22, 11 So. 14.

■ The evidence in this case is, without dispute, that the homicide was committed by the use of a deadly weapon; where such is the case, the proof of the use of a deadly weapon raises the presumption of malice, and throws upon the defendant the burden of repelling the presumption, unless the evidence which proves the killing shows, also, that it was done without malice. 11 Alabama Digest, Homicide, ☞146.

We have read this record, as is required by the Statute, and we find no reversible error.

The judgment is affirmed.

Affirmed.