110 So.2d 327

**Onnie KISSIC**

v.

**STATE.**

**7 Div. 522.**

Court of Appeals of Alabama.

March 10, 1959.

Ralph Gaines, Jr., Talladega, and Beddow, Gwin & Embry and Roderick Beddow, Jr., Birmingham, for appellant.

John Patterson, Atty. Gen., and Edmon L. Rinehart, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant was originally indicted for murder in the first degree. His first trial resulted in a judgment of guilty of murder in the second degree.

This judgment was reversed by the Supreme Court, 266 Ala. 71, 94 So.2d 202.

In his second trial the appellant has again been adjudged guilty of murder in the second degree, and sentenced to a term of ten years imprisonment in the penitentiary.

On the afternoon of 8 November 1955 Nile Collard, the deceased, stopped his automobile in front of the home of Herman Ragsdale, and attracted attention by sounding the horn of his car.

Ragsdale went to the car. He saw that Collard was bleeding about the head, and from a wound in his back. Ragsdale moved Collard from under the wheel, entered the car and drove at a high rate of speed to a hospital.

On this drive Collard stated he "was cut to death" and he "knew he was almost cut to death."

Ragsdale asked Collard if he wanted to tell who had cut him and Collard stated that Curtis Harper had cut him and "Onnie (appellant) helped him."

Collard remained in the operating room about two hours, and died about six hours later.

Medical testimony showed that his main wound was in the back of his left chest and extended about 15 inches laterally around his body. The wound was gaped open about two and half inches, and the 8th rib, and part of the 7th rib had been severed.

Curtis Harper and the appellant Kissic were located by law enforcement officers at the home of Woodrow Williamson. A knife was taken from Harper. The knife had bloodstains, and a part of the point was missing from the point of the large blade. Kissic's clothing had red stains upon them.

A piece of metal about the size of the missing knife point was found in deceased's rib upon the autopsical examination by the State toxicologist.

The defense presented no evidence in the trial below.

At the conclusion of the court's oral instructions to the jury counsel for the appellant excepted to the court's failure to charge on manslaughter in the first degree.

■ Such an omission is no basis for a reviewable question. The party asserting injury by matters omitted from oral instructions must request special written instructions curing the omission. In the event such special instructions are refused, then the matter is presented to us for review. Tranholm v. State, 38 Ala.App. 57, 77 So.2d 491, and cases cited therein.

■ Further, it appears that even had a written request pertaining to manslaughter in the first degree have been tendered, the court would have been justified in refusing such request under the evidence before it.

■ In the prior appeal of this case, the Supreme Court held that that part of Collard's statement to Ragsdale that Curtis Harper cut me *"and Onnie helped him"* was a statement of a collective fact and admissible as a dying declaration, the predicate for the admission of the statement as a dying declaration having been sufficiently laid. Kissic v. State, 266 Ala. 71, 94 So.2d 202, 204. Likewise, the predicate for the admission of the statement of Collard as a dying declaration was established in this case substantially the same as it was in the prior appeal.

Thus, the evidence presented by the State tended to show that Collard had received a massive knife wound from which he died; that the wound had been inflicted by Curtis Harper, and that this appellant had helped Harper in the attack.

■ Under the tendencies of the State's evidence the deceased met his death as a result of the use of a deadly weapon, a

**180**

knife, wielded by Harper. The appellant was present aiding and abetting. Under such circumstances, the jury could infer malice unless the evidence proving the killing rebutted the presumption. Booth v. State, 247 Ala. 600, 25 So.2d 427; Grays v. State, 28 Ala.App. 394, 185 So. 191; Moore v. State, 31 Ala.App. 483, 18 So.2d 803.

The State's evidence therefore established murder in the second degree.

As stated in Compton v. State, 110 Ala. 24, 20 So. 119, 122:

"When the facts which prove the killing do not rebut the presumption, which the law raises, the burden is on the defendant by other evidence to rebut it, and failing to meet this burden, the presumption of the law is against him."

As before stated, the appellant presented no evidence.

This cause is therefore due to be affirmed, and it is so ordered.

Affirmed.