294 So.2d 766

**In re J. T. McCAGHREN**

**v.**

**STATE.**

**Ex parte J. T. McCaghren.**

**SC 654.**

Supreme Court of Alabama.

April 11, 1974.

David B. Cauthen and Ralph E. Slate, Decatur, for petitioner.

William J. Baxley, Atty. Gen. and Wayne P. Turner, Sp. Asst. Atty. Gen., for the State, respondent.

McCALL, Justice.

The defendant was convicted of murder in the first degree and sentenced to life imprisonment. The Court of Criminal Appeals affirmed his conviction. On petition, under Rule 39, Revised Rules of Practice in the Supreme Court, Appendix to Title 7, Recompiled Code, 1958, we granted a writ of certiorari to review the decision of the appellate court.

We construe the effect of the decision of the Court of Criminal Appeals to be that Tit. 30, § 63, Code of Alabama, 1940, was without a field of operation when the defendant was tried on November 15, 1971, because the decision of the Supreme Court of the United States in the case of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, eliminated the death penalty in capital felony convictions, thereby rendering such cases non-capital felonies, and hence, unaffected by the requirements of § 63. *Furman* was decided on June 29, 1972, some seven months after the defendant had been tried and convicted.

Section 63 of Tit. 30, supra, requires that whenever any person stands indicted for a capital felony, the trial court must cause a list of the names of all the jurors drawn for the week in which the trial is set, together with a copy of the indictment, to be forthwith served on the defendant by the sheriff at least one entire day before the trial.

When his case was called for trial on November 15, 1971, the defendant objected to being put to trial, because he had not been served with a copy of the indictment, nor with a copy of the jury venire. The trial judge overruled the defendant's objections and ordered him to trial. The Court of Criminal Appeals held that these rulings were without error.

■ While the effect of Furman v. Georgia, supra, was to withdraw the death penalty provision from our statute, Tit. 14, § 318, Code of Alabama, 1940, Hubbard v. State, 290 Ala. 118, 274 So.2d 298, still, until *Furman* was decided on June 29, 1972, death remained legal punishment for murder in the first degree. In Hubbard v. State, supra, the court said:

"But this is one of several cases where the defendant was on 'death row' *under a proper and legal sentence at the time of allocution and sentence.  * * *"* (Emphasis supplied.)

In consequence, the defendant stood indicted for a capital felony when he was tried. Murder in the first degree continued thereafter to be a capital felony for more than seven months, until June 29, 1972, when *Furman* was decided.

The statute, Tit. 30, § 63, supra, conferred a mandatory right on the defendant, to be served with a copy of the venire and the indictment one entire day before his trial.

In Green v. State, 160 Ala. 1, 49 So. 676, the defendant was convicted of murder and appealed. The court said:

"In Spicer v. State, 69 Ala. 159, it was ruled that in capital cases the statute, re-

quiring the service of a copy of the indictment on the defendant or his counsel one entire day before the day set for his trial (section 7840, Code 1907), was mandatory, and, unless it affirmatively appeared of record that an order to that effect was made by the court, it was ground for reversal on appeal from the judgment of conviction. Spicer's Case was followed and cited in the case of Lomineck v. State, which will be found reported in Ala., 39 So. 676. The record in the present case fails to show any order for the service of a copy of the indictment on the defendant. This, under the authorities cited above, constitutes reversible error."

Accordingly, the same rule must be applied with respect to service of a copy of the venire. Barnett v. State, 28 Ala.App. 293, 184 So. 702.

In the present case, not only did the court fail to enter an order for the service of a copy of the indictment on the defendant, but the court refused to comply with the mandate of the statute, after having the matter called to its attention by the defendant's objection to going to trial without being so served.

As an answer to the omission, it is not enough to say that the defendant was not harmed by not serving him, or that the error was cured because he no longer can be punished by death, for who knowingly can say that he would have been convicted at all, had his right to be served not been denied him.

We do not think that Furman v. Georgia, supra, eliminated from the statute, Tit. 30, § 63, supra, prior to that decision, the requirements which the statute makes mandatory. The court's refusal to comply with these mandates constitutes reversible error.

Speaking to the State's contention that the defendant waived his right to have a copy of the indictment by his failure to make timely demand, we think that his right to demand the nature and cause of the accusation and to have a copy thereof under Art. 1, § 6 of the Constitution of Alabama of 1901, is one thing, while his right under § 63 of the Code is an entirely different matter. We need not decide at this time his constitutional rights, because we have already decided that the case must be reversed on account of the failure to comply with his statutory rights which are mandatory and which the defendant did not waive by any failure to make a formal demand.

We deem a decision unnecessary on the other questions that were asserted on this review.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, COLEMAN, BLOODWORTH, MADDOX, FAULKNER and JONES, JJ., concur.