306 So.2d 51

**James Harrison CLARK**

**v.**

**STATE.**

**5 Div. 217.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

Rehearing Denied Oct. 29, 1974.

Walker, Hill, Guilage, Adams & Umbach, Opelika, for appellant.

**184**

William J. Baxley, Atty. Gen. and Edward L. Hardin, Jr., Sp. Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

Appellant appeals from a conviction of assault with intent to murder with sentence fixed at imprisonment in the penitentiary for 20 years.

His pleas in the trial court were not guilty and not guilty by reason of insanity.

In substance the testimony offered by the State tends to show that Mrs. Ann Prestridge, together with her husband and three children, were living in a trailer in or near Opelika, Alabama. The appellant had been a long time friend of the Prestridge family and for several years he and the prosecutrix, in whose home he often visited, had carried on an affair; that she had been forced by threats made by the appellant and by a gun held to her head on two occasions, to be intimate with him for several years. It further appears that in the early morning of July 16, 1973, after the prosecutrix's husband had gone to work, the appellant appeared in her apartment, wearing a slipover shirt, bermuda shorts, and sandals. When she discovered him and came to the front of the trailer where he was, he advised her that her time had come and to make her peace and get ready to go, or words to that effect. After she remonstrated with him for a short time, he took hold of her arm, forced her back into the bedroom and when she tried to break away and was partly turned with her side or back toward him, he fired two times with a pistol, one shot striking her in her right shoulder and the other entering her right side at an angle and lodging in or near the spine. She is paralyzed from the waist down as a result of the injury to the spine.

The appellant offered several witnesses who testified as to his good character and in his testimony stated that he had known the prosecutrix for ten years and that during this time he had never forced her, by the use of a gun or other threats, to have sexual relations with him; but that he had been intimate with her for several years and that on one occasion she had advised him that he was the father of one of her children. He further stated he had known the family well and that on one occasion he had borrowed a gun and loaned it to the prosecutrix to take with her for her protection on a trip to Florida. In substance he claimed that the intimacy between the prosecutrix and him was based on the desires of both parties rather than force or threats.

On the occasion complained of he had been on a trip to Florida, where he had apparently been drinking heavily, and had on the night before ridden home with a friend, witness Desiree Osborne. On the way home he claimed that he did not remember talking to Miss Osborne, except once as to the highway to take, and did not remember the occasion when the prosecutrix was allegedly shot by him; but that

the first thing he remembered thereafter was waking up in the hospital suffering from a self-inflicted gunshot wound in his side. It appears that he had wounded himself with a pistol at the home of Desiree Osborne shortly after the shooting of the prosecuting witness.

The appellant argues that the court erred in sustaining the objection of the State to a series of questions (pages 114–115 TR) in which the appellant sought to cross-examine the prosecutrix with regard to certain favors accorded the prosecutrix by the accused before the shooting. The questions, objections, and rulings thereon by the court are set out as follows:

"Q. On any occasion except for the time he loaned you a pistol to go to Florida, did you ever know Sonny Clark to possess a pistol?

MR. YOUNG: And we object—

THE COURT: Sustained.

MR. YOUNG: We object to that.

MR. GULLAGE: Respectfully except.

Q. Did he buy you, last Christmas, which was 1973, two cocktail dresses?

MR. YOUNG: And we object to that.

THE COURT: Sustained.

MR. GULLAGE: Respectfully except.

Q. Did he buy you a dress last Christmas and have the same altered for you?

MR. YOUNG: And we object to that.

THE COURT: Sustained.

Q. Did you talk to the seamstress about the alteration of the dress, and represent yourself to be "Mrs. Clark"?

MR. YOUNG: And we object—

THE COURT: Sustained.

Q. Who paid for the airconditioner that is in your house?

MR. YOUNG: We object to that.

THE COURT: Sustained.

Q. Did Sonny Clark open a bank account for you in your name at the—

MR. YOUNG: We object to that.

THE COURT: Sustained.

Q. You knew that Mr. Clark had, at the time you met him, a wife and three children.

A. I admitted that yesterday. Yes, sir.

Q. Did you, on occasion, help him make out support payments for his children?

A. Support payments?

Q. Did you on occasion, make out checks and send them for support for his children?

MR. YOUNG: We object to this.

THE COURT: Sustained.

A. They were living—

THE COURT: Sustained.

THE WITNESS: I'm sorry.

THE COURT: When I say "sustained," don't answer.

Q. You knew, of course, that Mr. Clark was the sole support for his three children, did you not?

MR. YOUNG: And we—

THE COURT: Sustained.

Q. Where did the three children stay when they came and visited—

MR. YOUNG: And we object to that.

Q. —two or three summers ago?

THE COURT: Sustained.

Q. Did Sonny Clark help you get the present job that you have?

MR. YOUNG: And we object to—

THE COURT: Sustained.

MR. YOUNG: —that.

MR. GULLAGE: I have no further questions."

■ Appellant argues this testimony should have been admitted by the court in order to rebut the testimony of the prosecutrix that her intimate relationship with appellant over the years was a result of force rather than willingness on her part. We think that irrespective of whether the testimony sought to be introduced on cross-examination was irrelevant, the court erred in its rulings sustaining objections thereto.

■ The fact of the intimate relationship between the parties, and that this situation was brought on by use of force or threats, was interjected into the case by the prosecution and the appellant had the right to go into this matter fully on cross-examination. The right of cross-examination, thorough and shifting, is guaranteed to every defendant. Warren v. State, 292 Ala. 71, 288 So.2d 826. Code of Alabama 1940, Recompiled 1958, Tit. 7, § 443.

[3] It is further the law that even though a party introduces evidence that may be immaterial or illegal, his opponent has the right to rebut such evidence and this right is unconditional. See the Law of Evidence in Alabama, by Judge McElroy, Vol. 1, page, 12, § 14.01, for a statement of this principle.

We cannot say that these rulings by the court were harmless under the meaning of Supreme Court Rule 45.

■ Appellant's refused written Charge No. 32 is as follows:

"The Court charges the jury that in order to reduce the offense in this case from assault with the intent to murder to assault and battery, it is not necessary that the defendant, at the time he fired the shots, should have been unconscious of what he was doing; but, if there was a sufficient provocation to excite sudden passion, and the defendant acted under such passion, then the presumption is that passion disturbed the sway of reason, and made the defendant regardless of his act, and if the jury believe this from the evidence, then you should find the defendant not guilty of an assault with the intent to murder."

We see no error in the court's action in this regard. Under the evidence presented in this case, the charge is abstract and the court was under no duty to give it. This Court and the Supreme Court have dealt with the principle set out in this charge in Collins v. State, 21 Ala.App. 152, 106 So. 341 and Smith v. State, 86 Ala. 28, 5 So. 478. The charge in the instant case seems to be similar to the charge dealt with in Smith v. State, supra. In both of the cases above set out the charge was held to be abstract. Under the evidence, no error appears by the court in the instant case.

■ Refused charges 1, 2, 3, 4, 5 and 6 requested by the appellant were all affirmative in nature and were properly refused by the court. The principle of law sought to be set out in the remaining charges refused to the appellant were covered by the oral charge and no error appears in their refusal.

For the error appearing herein, above set out, the judgment in this cause is reversed and the cause remanded for further procedure.

The foregoing opinion was prepared by Honorable W. J. Haralson, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of this Court.

Reversed and remanded.

All the Judges concur.