The appellant was indicted for the stabbing death of Theodore Hemphill and convicted of second degree murder. Sentence was fixed at fifteen years' imprisonment.
 I
At trial defense counsel attempted to prove the deceased's reputation for violence. The State's objections to questions addressed to this subject were sustained on "the basis of the predicate".
The established rule is that proof of "the victim's bad general reputation for peace and quiet, violence or like trait is admissible only if the evidence before the trial court, at the time such general reputation is offered, tends to show that the accused acted in self-defense". G. Gamble, McElroy'sAlabama Evidence, Section 33.01 (2) (3rd ed. 1977); see alsoMcCaghren v. State, 52 Ala. App. 509, 294 So.2d 756, reversed on other grounds, 292 Ala. 378, 294 So.2d 766 (1973). Additionally, in proving a person's general reputation, the question to the character witness should be directed to the "general reputation" of such person and not simply to his "reputation". Watson v. State, 181 Ala. 53, 61 So. 334 (1913);McElroy, Section 26.02 (4). Furthermore any evidence of a victim's bad general reputation for violence or similar trait must be limited to the time of or to a time prior to the alleged offense. Standard v. State, 51 Ala. App. 176,283 So.2d 627 (1973). The record supports the court's ruling that there was no proper predicate to allow proof of the deceased's reputation for violence.
 II
An indigent defendant is not entitled to a free transcript of the testimony taken at his preliminary hearing. Williams v.Jasper, 47 Ala. App. 91, 250 So.2d 699, cert. denied with opinion, 287 Ala. 237, 250 So.2d 701 (1971). See also Hogan v.State, 346 So.2d 1184 (Ala.Cr.App. 1977); Mallory v. State,55 Ala. App. 82, 313 So.2d 203, cert. denied, 294 Ala. 765,313 So.2d 208 (1975); Bryant v. State, 49 Ala. App. 359,272 So.2d 286 (1972), cert. denied, 289 Ala. 740, 272 So.2d 297 (1973).
 III
On cross examination of defense witness Jessie Lee Townsend, the Deputy District Attorney asked the following questions:
 "Q. You are presently under indictment for perjury by the Jefferson County Grand Jury in relation to this case, are you not?
"A. Yes, they have got me charged.
"Q. Perjury for lying before the Grand Jury right?
"A. That's right."
Although it is not competent for the purpose of impeaching a witness to introduce evidence that an indictment was preferred against him, Campbell v. State, 23 Ala. 44 (1853), Watson v.State, 155 Ala. 9, 46 So. 232 (1908), defense counsel made no objection to this matter at trial and the appellant contends that the trial judge erred in not allowing the defense to rehabilitate witness Townsend by going into the details behind the perjury indictment.
Without proper objection the appellant cannot now be heard to complain that her conviction should be reversed because of the use of incompetent evidence to impeach by the State. Rainer v.State, 342 So.2d 1348 (Ala.Cr.App. 1977); McClung v. State,25 Ala. App. 131, 142 So. 843 (1932).
Of course, it is a general principle that, where a matter has been gone into by one party to a cause, the other party has the right to explain away anything, if he can, that may have been brought out to his detriment. Johnson v. State, 265 Ala. 360,91 So.2d 476 (1956). If a party introduces illegal evidence, even without objection, his opponent has the unconditional right to rebut such evidence with other illegal evidence on the same subject. Longmire v. State, 130 Ala. 66, 30 So. 413
(1901); Clark v. State, 54 Ala. App. 183, 306 So.2d 51, cert. *Page 876 
denied, 293 Ala. 749, 306 So.2d 54 (1974); Sanders v. State,48 Ala. App. 589, 266 So.2d 797 (1972); McElroy, § 14.01.
Thus, where a party's witness on cross examination is shown to have been convicted of a crime, that party on redirect is entitled to show the circumstances connected with it. Thames v.State, 10 Ala. App. 210, 64 So. 648 (1914). However this rule is limited in its application.
 "The discrediting of a witness by showing his conviction of a crime, does not authorize the reception of evidence indicating his innocence of the charge, or showing the particulars of the offense (Waters v. State, 117 Ala. 108, 22 So. 490; Fuller v. State, 147 Ala. 35, 41 So. 774; Kendrick v. Cunningham, 9 Ala. App. 398, 63 So. 797), or showing that the witness never paid the fine or performed the hard labor sentence imposed upon him. Formby v. Williams, 17 Ala. App. 24, 81 So. 360." Mayo v. State, 32 Ala. App. 264, 265, 24 So.2d 769, 770 (1946).
See also Lee v. State, 37 Ala. App. 321, 324, 69 So.2d 467, cert. denied, 260 Ala. 698, 69 So.2d 470 (1954); Ellis v.State, 244 Ala. 79, 86, 11 So.2d 861 (1943). Where a witness is impeached by proof of a prior conviction, that witness is not entitled to explain the details of the offense for which he was convicted. Nelson v. State, 35 Ala. App. 179, 44 So.2d 802
(1950).
Generally a party is not entitled to prove that a witness called by him on the present trial was called as a witness by the opponent on a former trial of the same case. Montgomery v.State, 2 Ala. App. 25, 56 So. 92 (1911). Additionally the rule is:
 "Impeachment of a witness by proof of his bad general reputation as a whole or his bad general reputation for truth and veracity does not authorize the proponent of the witness to support his credibility by proof of the witness' having made a prior statement of the same tenor as his present testimony."
McElroy, § 177.01 (1).
On redirect examination of witness Townsend defense counsel attempted to prove (1) that the witness' "story was consistent throughout" and (2) that he was subpoenaed by the State; "that they tried to coerce him into saying what they wanted him to say, and when he didn't, they didn't call him". The court allowed defense counsel to elicit testimony from the witness that his testimony and statements prior to trial were consistent with his testimony at trial. Though the court sustained the State's objections to questions concerning whether the witness was subpoenaed and, if so, by whom, the State stipulated that it did subpoena the witness but did not use him. After this stipulation defense counsel did not pursue this matter further or make any offer of proof.
The stipulation by the prosecution rendered the action of the trial court in refusing to permit defense counsel to pursue the matter of subpoena innocuous and harmless. Neither the record nor the brief on appeal gives this court any indication that the defense counsel was cut short or restrained in any other line of proof with regard to this matter. Considering the law and the latitude which defense counsel was given in attempting to rehabilitate the witness we find no cause for the appellant to complain.
 IV
The appellant alleges that the trial court erred in refusing to give her requested charges on the lesser included offenses of murder.
The court charged the jury on murder in the first and second degrees and manslaughter in the first degree. Therefore the court did not err in refusing the defendant's requested charges which were substantially and adequately covered in the court's oral charge.
The court's refusal to charge on manslaughter in the second degree was proper since there was no evidence to furnish the legal elements of that degree of homicide. Grays v. State,28 Ala. App. 394, 185 So. 191 (1939). Furthermore, where the evidence shows that the crime committed *Page 877 
was either murder or it was justified as in self-defense, an instruction defining manslaughter is properly refused. Wilsonv. State, 171 Ala. 25, 54 So. 572 (1911); Gafford v. State,125 Ala. 1, 28 So. 406 (1900).
We have searched the record and found no error prejudicial to the appellant. Therefore the judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.