Following a hearing in juvenile court in June 1993, the appellant, Demetrice Lindrell McKinney, was transferred to the circuit court for criminal prosecution as an adult on two counts of second-degree robbery. § 13A-8-42, Ala. Code 1975. The appellant was indicted in July 1993, and following a trial in August 1994, a jury returned guilty verdicts on both counts. The appellant was sentenced to 10 years' imprisonment on each count, to be served concurrently. The sentence was split, and he was ordered to serve two years in the penitentiary and was placed on probation for the remainder. The appellant raises two issues.
 I.
Citing Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431,30 L.Ed.2d 400 (1971), the appellant contends that his convictions are due to be reversed because the trial court denied his pretrial motion requesting funds to secure a transcript of his juvenile transfer hearing. The record shows that the appellant was determined to be indigent and that he was represented by appointed counsel in juvenile court and in the circuit court. In Britt, the United States Supreme Court held that the denial of a free transcript of prior proceedings to an indigent defendant may be unconstitutional where the transcript is valuable to the defense and no functional alternatives exist. Britt, 404 U.S. at 227, 92 S.Ct. at 433-34;see Nickerson v. State, 523 So.2d 504 (Ala.Cr.App. 1987).
The trial court's apparent reason for denying the appellant's motion for funds for a transcript of the juvenile transfer hearing was that the state did not have a copy of the transcript and had indicated that it did not intend to obtain one. Although this reason alone would not be sufficient, we hold that the trial court did not commit reversible error in denying the appellant's motion because the appellant had access to and failed to take advantage of adequate alternatives or substitutes for the requested transcript. The record shows that the same attorney represented the appellant during the juvenile proceedings and the criminal trial. Accordingly, counsel's own and the appellant's recollections could serve as an adequate substitute for the requested transcript. There is, moreover, nothing in the record to indicate that the appellant was denied access to the court reporter from the juvenile proceedings for a recitation of any portion of the reporter's notes or for the purpose of calling the reporter as a witness at his criminal trial.
The appellant states in his brief to this court that the record does not indicate whether a court reporter was even present at the juvenile proceedings. (Appellant's brief at p. 11.) However, Rule 20(A), Alabama Rules of Juvenile Procedure, provides that where there is no reporter at the juvenile proceedings, a record of the proceedings is to be kept by "mechanical or electronic device." Thus, even if there was no reporter, the proceedings were recorded and it would have been possible for the appellant to obtain a copy of the recorded proceedings at virtually no expense.
The record also reflects that the appellant did not appeal the juvenile court's order transferring him to the circuit court for trial as an adult. Had he done so, he would have been provided a free transcript of the juvenile transfer hearing as a matter of right. Accordingly, the appellant's posture in circuit court was somewhat different than it would have been had he not decided to forgo his *Page 211 
right to appeal to this court directly from the juvenile proceedings.
Although Britt provides that the value to the defense of a transcript of prior proceedings may usually be presumed, this court has not extended the rationale of Britt so far as to recognize the value that a transcript of proceedings in juvenile court may have in every case where a defendant is transferred to circuit court for trial as an adult. A juvenile transfer hearing is in the nature of a preliminary hearing.O.M. v. State, 595 So.2d 514, 517 (Ala.Cr.App. 1991), cert.quashed, 595 So.2d 528 (Ala. 1992). This court has held that "[a]n indigent defendant is not entitled to a free transcript of the testimony taken at his preliminary hearing." Leonard v.State, 369 So.2d 873, 875 (Ala.Cr.App.), cert. denied,369 So.2d 877 (Ala. 1979).
Furthermore, the appellant made no argument to the trial court as to how the transcript of the juvenile proceedings would assist his defense in his criminal trial. Nor has the appellant, on appeal, made any showing of how his defense was weakened due to the absence of a transcript of the juvenile proceedings. It would set a dangerous precedent to hold, based on nothing more than a defendant's bare assertion of need, that a transcript of proceedings in juvenile court is always necessary to a defense in a criminal trial, particularly in light of the fact that the record of the proceedings in juvenile court is required to be preserved only until the time for appeal has expired. See Rule 20(A), Ala.R.Juv.P. A defendant could forgo appealing from an order transferring him from juvenile court to circuit court and then assert at a later date, after the record of the juvenile proceedings has been destroyed, that the transcript of the transfer hearing is necessary to assist his defense in his criminal trial and that, because the record of the juvenile proceedings is no longer available, he cannot receive a fair trial in circuit court.
Under the circumstances of this case, then, we hold that it was not error for the trial court to deny the appellant's motion for funds for a transcript of his juvenile transfer hearing.
 II.
The appellant also contends that the trial court committed reversible error when, in seeking to remedy what the court found to be the prosecution's improper use of a peremptory strike against a black veniremember in a manner violative ofBatson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69
(1986), the court proposed that the struck veniremember be placed on the jury and that another juror be removed from the jury by the random drawing of lots. However, the record reflects that the appellant's attorney withdrew his Batson
objection when the trial court proposed this remedy and that after the lots were drawn, a juror was removed from the jury, and the black veniremember who had been struck by the prosecution was placed on the jury, the appellant's attorney plainly indicated to the trial court that he had no objections. (R. 97, 99.) Therefore, this issue has not been preserved for review. Adams v. State, 585 So.2d 161 (Ala. 1991).
For the reasons stated above, the judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur. *Page 910