806 So.2d 1190 (2001)
Ex parte D.L.H.
(Re D.L.H. v. State).
1991110.
Supreme Court of Alabama.
June 8, 2001.
*1191 Gregory L. Albritton, Evergreen, for petitioner.
Bill Pryor, atty. gen., and Frances R. Clement, asst. atty. gen., for respondent.
JOHNSTONE, Justice.
D.L.H. was convicted of one count of first-degree rape by forcible compulsion of B.N.G., two counts of first-degree statutory rape of B.N.G., and one count of first-degree sexual abuse of T.J.G. He was sentenced to three concurrent terms of life imprisonment for his first-degree rape convictions and to 10 years' imprisonment for his first-degree sexual abuse conviction, with the last sentence to run consecutively with his life imprisonment sentences. Upon D.L.H.'s appeal, the Court of Criminal Appeals affirmed his convictions and sentences in an unpublished memorandum. D.L.H. v. State, (No. CR-99-0109, January *1192 28, 2000) 805 So.2d 793 (Ala.Crim.App. 2000) (table). Thereafter, D.L.H. petitioned this Court for certiorari review, which we granted to examine whether the trial court erred to reversal in applying the "rape-shield law," Rule 412, Ala.R.Evid., to preclude the defendant D.L.H. from introducing certain proffered testimony to rebut certain testimony of the rape victim B.N.G. We affirm, because the proffer was insufficient.
B.N.G., who was 14 years old at the time of the trial, testified that D.L.H. had accomplished each rape by "[s]ticking his penis up my vagina." (R. 74.) She testified further that, after he did so, "[w]hite stuff ... came off his penis." (R. 77.) Thereafter, the prosecutor asked the following question:
"[Prosecutor]: Have you ever had any kind of sexual relations with anybody other than [D.L.H.]?
"[B.N.G.]: No."
(R. 85.) Defense counsel then sought to introduce evidence in the defendant's case-in-chief to impeach B.N.G.'s testimony. Upon learning of defense counsel's intention to introduce such evidence, the prosecutor moved in limine to prevent the admission of such evidence. The following discussion occurred outside the presence of the jury before the defendant began his case-in-chief:
"[Prosecutor]: Judge, we have learned through a proffer that [defense counsel] has made to us that he plans to possibly offer evidence about other sexual contact or sexual relations that may have been had by one of the victims, [B.N.G.], in this case. And we move, in limine, toand object to that evidence being offered under the Rape Shield Law.
"[Defense counsel]: Your Honor, I understand the Rape Shield Law protection, but, it's the Prosecution that opened the door when [B.N.G.] madegave testimony that her only sex was with her father.
"[Prosecutor]: It's not her father anyway, Judge.
"[Defense counsel]: Well, her stepfather, the defendant. And we need an opportunity toto test that. And the only way I know of doing that is to is to attack that statement.
"The Court: Are you going to call a witness saying that he had sex with her?
"[Defense counsel]: No sir. I could if we had the time
"[Prosecutor]: He's had time, Judge.
"[Defense counsel]: Knowing the Rape Shield Law I didn't anticipate that coming up. I anticipated the Rape Shield Law to be protecting that. But, where they opened the door on that, now, I have two witnesses.
". . . .
"[Defense counsel]: I have two witnesses that will testify as to the presence of the young lady with other males sneaking into windows, being present with her at different hours and different times through the course of a long period of time. These are people who know them, who know her and have lived with her."
(R. 136-42.) Ruling that the admission of the testimony was prohibited by the rapeshield law, Rule 412, Ala.R.Evid., the trial court granted the State's motion in limine and prohibited the defendant from presenting the proffered testimony. (R. 143.)
Rule 412, Ala.R.Evid., provides in pertinent part:

*1193 "(b) In any prosecution for criminal sexual conduct or for assault with intent to commit, attempt to commit, or conspiracy to commit criminal sexual conduct, evidence relating to the past sexual behavior of the complaining witness ... shall not be admissible, either as direct evidence or on cross-examination of the complaining witness or of other witnesses, except as otherwise provided in this rule.
"(c) In any prosecution for criminal sexual conduct, evidence relating to the past sexual behavior of the complaining witness shall be introduced if the court, following the procedure described in section (d) of this rule, finds that such past sexual behavior directly involved the participation of the accused."
This Court has specifically rejected the holding of the Court of Criminal Appeals that Rule 412 absolutely forecloses the introduction of evidence of a rape victim's past sexual experience except in the instance of a past experience with the accused. Ex parte Dennis, 730 So.2d 138, 140 (Ala.1999). There we concluded that
"to read Rule 412 as requiring an absolute exclusion of all evidence of past sexual activity between the victim and third persons could, in some cases, violate a criminal defendant's constitutional rights. See Charles W. Gamble, McElroy's Alabama Evidence, § 32.01, p. 143 (5th ed. 1996) (`It would appear, however, that such an absolute exclusion would be inapplicable when to enforce it would violate a criminal defendant's constitutional rights.'). Therefore, we hold that when Rule 412 is applied to preclude the admission of particular exculpatory evidence, the constitutionality of its application is to be determined on a case-by-case basis. Accord Tague v. Richards, 3 F.3d 1133, 1137 (7th Cir. 1993)."
Ex parte Dennis, 730 So.2d at 141 (emphasis added).
When one party opens the door to otherwise inadmissible evidence, the doctrine of "curative admissibility" provides the opposing party with "the right to rebut such evidence with other illegal evidence." McElroy's Alabama Evidence, § 14.01, p. 49 (5th ed.1996). "[T]he law [is] that even though a party introduces evidence that may be immaterial or illegal, his opponent has the right to rebut such evidence and this right is unconditional." Clark v. State, 54 Ala.App. 183, 186, 306 So.2d 51, 54 (1974). "`A party who has brought out evidence on a certain subject has no valid complaint as to the trial court's action in allowing his opponent or adversary to introduce evidence on the same subject.'" Hubbard v. State, 471 So.2d 497, 499 (Ala.Crim.App.1984) (quoting Brown v. State, 392 So.2d 1248, 1260 (Ala.Crim.App.1980), cert. denied, 392 So.2d 1266 (Ala.1981)).
Had the defendant D.L.H. proffered evidence that supported the inference that B.N.G., in fact, had experienced sexual intercourse with others than D.L.H. before the trial, such evidence would have been admissible to rebut her testimony to the contrary. D.L.H.'s proffer, however, was insufficient for that purpose. We will explain both conclusions.
The prosecutor's introduction of B.N.G.'s testimony that she had never "had any kind of sexual relations with anybody other than" the defendant D.L.H. reinforced B.N.G.'s testimony that sexual intercourse between her and D.L.H. had actually occurred, to the extent that the jury thought she would not have known *1194 the physical characteristics and details of sexual intercourse without having actually experienced it. This reinforcement, an important tendency of the evidence, would have been rebutted by evidence that B.N.G. had, in fact, experienced sexual intercourse with others than D.L.H.; for such other experience would explain her knowledge of the physical characteristics and details of sexual intercourse in a way consistent with the innocence of D.L.H. Such testimony of prior sexual experience by B.N.G. also would have directly impeached her veracity on a point intentionally injected by the State. B.N.G.'s veracity was critical to the prosecution of the rape charges against the defendant D.L.H.
In Ex parte Dennis, 730 So.2d at 141, this Court recognized and summarized State v. Pulizzano, 155 Wis.2d 633, 456 N.W.2d 325 (1990), to the effect that
"constitutional guarantees of confrontation and compulsory process required that the defendant be able to cross-examine seven-year-old victim about prior sexual assault in order to rebut prosecution's suggestion that the victim could have possessed explicit sexual knowledge only if defendant had committed the charged sexual assault."
Pulizzano is significant for its recognition of the probative value of evidence of prior sexual experience in such a case. Third-party-witness testimony about the alleged victim's prior sexual experience, if like the sexual activity alleged in the charge being tried, would be equally probative in such a case. See Ex parte Dennis, supra.
Therefore, the prosecutor's opening the door to B.N.G.'s prior sexual history entitled D.L.H. to rebut and to impeach on the same point, if D.L.H., in fact, had rebutting evidence on the same point. D.L.H.'s proffer, however, did not show that he did have rebutting evidence on the same point. His proffer did not show that he had evidence that B.N.G. had experienced sexual intercourse with anyone but D.L.H. himself. The defense proffered only
"two witnesses that will testify as to the presence of the young lady with other males sneaking into windows, being present with her at different hours and different times through the course of a long period of time. These are people who know them, who know her and have lived with her."
(R. 142.) D.L.H.'s proffer does not say that the "males" were old enough to be sexually developed or active. The proffer does not show that B.N.G. and any of the "males" achieved any degree of seclusion for any appreciable time. Nor does the proffer show any inclination on the part of either B.N.G. or any of the "males" to engage in sexual intercourse or any form of romance as distinguished from the romping or other mischief common among children. Therefore, the proffer does not show testimony that would have supported a fair inference that B.N.G. had experienced sexual intercourse with someone other than D.L.H., and the trial court did not abuse its discretion in excluding the proffered testimony.
While the defendant presents and argues several other issues in his petition and brief, we decline to address them, pursuant to our discretionary prerogative on certiorari review. The judgment of the Court of Criminal Appeals is due to be affirmed.
AFFIRMED.
MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, HARWOOD, and WOODALL, JJ., concur.
STUART, J., concurs in the result.