BROWN, Justice
(dissenting).
I would grant the State’s petition for the writ of certiorari in this case.
Under Britt v. North Carolina, 404 U.S. 226, 227, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971), denying an indigent defendant a free transcript is unconstitutional only where the transcript is valuable to the defense and no functional alternative exists. While the value of a transcript in Wesley Randall Quick’s case is apparent, I question whether the Court of Criminal Appeals, in reversing the trial court’s judgment on this issue, considered whether any functional alternative to a transcript exists. Quick’s counsel in the second trial also represented him during the proceeding that ended in a mistrial. Both trials were conducted before the same judge, within a four-month period. Nothing in the materials properly before us indicates that Quick’s counsel was denied access to the court reporter from the first trial, for a recitation of any portion of the reporter’s notes for use in counsel’s preparation for the second trial or for the purpose of calling the reporter as a witness at the second trial. This course of action was approved in Britt as a functional alternative to a transcript, and the Court of Criminal Appeals has several times recognized such an arrangement as a functional alternative in cases decided subsequent to Britt. See McKinney v. State, 665 So.2d 209 (Ala.Crim.App.1995); Nickerson v. State, 523 So.2d 504 (Ala.Crim.App.1987); and Lindsey v. State, 456 So.2d 383 (Ala.Crim.App.1983), aff'd, 456 So.2d 393 (Ala.1984), cert. denied, 470 U.S. 1023, 105 S.Ct. 1384, 84 L.Ed.2d 403 (1985).
Because it appears that Quick may have had access to, but did not take advantage of, functional alternatives to a transcript, I would grant the State’s petition and review the case as to this issue. Therefore, I *264 respectfully dissent from the denial of cer-tiorari review.
STUART, J., concurs.