BASCHAB, Judge,
dissenting.
On cross-examination by the prosecution, the appellant attempted to enhance his own credibility and character by stating, “I do not drink and drive.” However, by making that representation, he opened the door for the prosecution to impeach his credibility, see Rule 404(b), Ala. R. Evid. (providing that “[ejvidence of other crimes ... may ... be admissible for other purposes”), and to rebut his testimony about his good character, see Rule 404(a)(1), Ala. R. Evid. (providing that “[ejvidence of a person’s character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except ... [ejvidence of character offered ... by the prosecution to rebut the same.”). Further, the evidence about his prior DUI convictions was highly probative because it directly refuted his testimony that he did not drink and drive. *1110 Although such evidence may have been prejudicial to the appellant, he invited the prejudice by his own actions.
“When one party opens the door to otherwise inadmissible evidence, the doctrine of ‘curative admissibility’ provides the opposing party with ‘the right to rebut such evidence with other illegal evidence.’ McElroy’s Alabama Evidence, § 14.01, p. 49 (5th ed.1996). ‘[T]he law [is] that even though a party introduces evidence that may be immaterial or illegal, his opponent has the right to rebut such evidence and this right is unconditional.’ Clark v. State, 54 Ala.App. 183, 186, 306 So.2d 51, 54 (1974). ‘ “A party who has brought out evidence on a certain subject has no valid complaint as to the trial court’s action in allowing his opponent or adversary to introduce evidence on the same subject.” ’ Hubbard v. State, 471 So.2d 497, 499 (Ala.Crim.App.1984) (quoting Brown v. State, 392 So.2d 1248, 1260 (Ala.Crim.App.1980), cert. denied, 392 So.2d 1266 (Ala.1981)).”
Ex parte D.L.H., 806 So.2d 1190, 1193 (Ala.2001). Finally, the trial court specifically instructed the jury that it could use the evidence only for the purpose of determining the appellant’s credibility. Therefore, under the specific facts of this case, the prejudicial effect of the evidence did not substantially outweigh its probative value. See Rule 403, Ala. R. Evid. Accordingly, I respectfully dissent.